**Nadjatollah ENAYATI,
Plaintiff-Appellant,**

v.

**LUFTHANSA GERMAN AIRLINES,
Defendant-Appellee.**

**No. 81–6028.**

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 7, 1982.

Submitted June 22, 1983.

Decided Aug. 22, 1983.

ship by a preponderance of the evidence. *Yee Tung Gay v. Rusk,* 290 F.2d at 631.

Kathryn R. DeVincenzi, Graham & James, San Francisco, Cal., for defendant-appellee.

Bernard Lindner, Beverly Hills, Cal., for plaintiff-appellant.

Before SNEED and ALARCON, Circuit Judges, and CORDOVA *, District Judge.

ALARCON, Circuit Judge:

Enayati, an Iranian citizen, appeals the district court's decision dismissing his complaint for lack of federal subject matter jurisdiction. Enayati seeks damages for injury to goods transported by Lufthansa German Airlines from Tehran to Los Angeles. He argues, *inter alia,* that the district court has jurisdiction over his action because the Warsaw Convention creates an implied cause of action for injury to personal property. In light of this court's recent decision in *In re Mexico City Aircrash of October 31, 1979,* 708 F.2d 400 (9th Cir. 1983), the judgment of the district court is reversed and the cause remanded for further proceedings.

* Hon. Valdemar A. Cordova, United States District Judge for the district of Arizona, sitting by designation.

**76**

In *Mexico City Aircrash* this court held that Article 17 of the Warsaw Convention "creates an independent cause of action for wrongful death, a cause of action founded in federal treaty law." *Id.* at 412. We find no principled distinction in this regard between an action for damage to personal property and a wrongful death action. The language of Article 17 is very similar to that of Article 18, which governs damage to baggage and goods. Moreover, the court in *Mexico City Aircrash* relied on *Benjamins v. British European Airways,* 572 F.2d 913, 918 (2d Cir.1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979), which held that both Articles 17 and 18 create federal causes of action.

Because we find that Enayati's action arises under a treaty of the United States pursuant to 28 U.S.C. § 1331, we need not reach his other jurisdictional contentions.

REVERSED and REMANDED.