**Angelo J. DORIZAS, Plaintiff,**

v.

**K.L.M. ROYAL DUTCH AIRLINES, Defendant.**

**No. 84 C 5911.**

United States District Court, N.D. Illinois, E.D.

Nov. 21, 1984.

---

Anthony E. Blumberg, Chicago, Ill., for plaintiff.

William J. Mullins, Catherine E. Tinker, Conklin & Adler, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

K.L.M. Royal Dutch Airlines ("K.L.M.") has moved to dismiss the Second Amended Complaint filed by Angelo Dorizas ("Dorizas").[1] For the reasons briefly stated in this memorandum opinion and order, K.L.M.'s motion is denied.

Dorizas seeks damages for the alleged loss of baggage on a flight between Athens and Amsterdam. That claim is asserted here under the Warsaw Convention, 49 U.S.C. § 1502 note (Article 28 of the Convention provides for jurisdiction over foreign carriers in damage claims where the carrier has a place of business through which the contract was made, and Dorizas says that applies here).

K.L.M. rests its motion to dismiss on the theory that the Warsaw Convention does not itself create a cause of action. With commendable candor, K.L.M.'s counsel acknowledges that the tide has turned to run against K.L.M. on this score. *Benjamins v. British European Airways,* 572 F.2d 913, 918 (2d Cir.1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979), followed in *In re Mexico City Aircrash of October 31, 1979,* 708 F.2d 400, 409–16 (9th Cir.1983) and *Enayati v. Lufthansa German Airlines,* 714 F.2d 75 (9th Cir.1983); *Seth v. BOAC,* 329 F.2d 302, 305 (1st Cir.1964). K.L.M. contends the older law in the Second Circuit and elsewhere, as exemplified by Judge Van Graafeiland's dissenting opinion in *Benjamins,* 572 F.2d at 919–23, is more sound.

Neither Judge Van Graafeiland nor K.L.M. cites any decisions by our own Court of Appeals, which does not appear to have spoken to the subject. And with all respect to K.L.M.'s characterization of Judge Van Graafeiland's reasoning as a "thoughtful dissent," both *Benjamins* and *Mexico City Aircrash* reflect equally thoughtful and reasoned treatment (each of those decisions reversed prior case law to the contrary in its Circuit). This Court will not accept K.L.M.'s invitation to swim upstream to spawn a return to the older law. K.L.M.'s motion is denied, and it is ordered to answer the Second Amended Complaint on or before November 30, 1984.

---

1. This Court's July 17, 1984 memorandum order dismissed the original Complaint (which had then sought to join Athens Central Airport and Amsterdam Schiphol Airport) for lack of subject matter jurisdiction. That sua sponte dismissal did not comment as to the potential for acquiring jurisdiction over K.L.M. on the basis of new jurisdictional allegations. Dorizas' later amendment alleged facts bringing the claim against K.L.M. within the Warsaw Convention.