**215**

William J. DARRAS and Violet W. Darras, Plaintiffs,

v.

TRANS WORLD AIRLINES, INC. and Cove Travel, Inc., Defendants.

No. 85 C 8453.

United States District Court, N.D. Illinois, E.D.

Nov. 14, 1985.

Kenneth C. Miller, Corboy & Demetrio, P.C., Chicago, Ill., for Darras.

John W. Adler, James F. Murphy, Conklin & Adler, Ltd., Chicago, Ill., John Romans, Curtis, Mallet-Prevost, Colt & Mosle, New York City, for TWA.

Scantlebury & Marcanti, P.C., Chicago, Ill., for Cove.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

William Darras ("William") and his wife Violet (collectively "Darrases") originally sued Trans World Airlines, Inc. ("TWA") and Cove Travel, Inc. ("Cove") in the Circuit Court of Cook County, claiming damages suffered because William was a passenger on TWA's aircraft hijacked at the Athens airport June 14, 1985. Initially TWA sought to remove the case to this District Court, and this Court's September 30, 1985 memorandum opinion and order (the "Opinion") sua sponte remanded the action for lack of subject matter jurisdiction. Then on October 3, 1985—still within the original 30-day removal period—both TWA and Cove joined in a second removal, curing the jurisdictional flaw found by the Opinion.

Now Darrases move for a second remand, asserting the federal-question jurisdiction relied on by defendants and adverted to in the Opinion is nonexistent.[1] Resolution of that question turns on whether William's claim in reliance on the "Montreal Agreement" is a "civil action[ ] arising under the ... treaties of the United States" (28 U.S.C. § 1331) (as is true of any suit under the Warsaw Convention, see *Dorizas v. K.L.M. Royal Dutch Airlines,* 606 F.Supp. 97 (N.D.Ill.1984)).

There is no question as to the status of the Warsaw Convention (the "Convention") as a treaty, which defines the rights and duties of international air carriers in transporting passengers and personal property.

---

1. Because Darrases and Cove are Illinois citizens, diversity of citizenship is lacking.

As for the Montreal Agreement (the "Agreement"), its origin traces back to the 1965 announcement by the United States of its impending denunciation of the Convention (the United States' notice of denunciation had emphasized its action was attributable to the Convention's low limits of liability for personal injury or death to passengers, see 31 Fed.Reg. 7302 (May 19, 1966)). *O'Rourke v. Eastern Airlines, Inc.*, 730 F.2d 842, 851 (2d Cir.1984). To avoid that result, representatives of the United States and the principal international air carriers (including TWA) invoked Convention Art. 22(1), which allows carriers and passengers to agree by "special contract" to increase the liability limitations established by the Convention. On May 13, 1966, with Civil Aeronautics Board approval, the International Air Transport Association and the various carriers (including TWA) entered into the Agreement increasing those liability limits, and the United States withdrew its notice of denunciation of the Convention.

Darrases seek to characterize William's claim against TWA as brought under the Agreement rather than the Convention—but that is really a mischaracterization. All the Agreement did was to increase the liability limits of the Convention, leaving the Convention's substantive provisions intact. It is the *Convention*, not the Agreement, that *creates* William's cause of action (Art. 17), and several other Convention Articles (such as Arts. 25, 28 and 29) define terms and conditions of that cause of action. See *Air France v. Saks*, —— U.S. ——, 105 S.Ct. 1338, 1341–47, 84 L.Ed.2d 289 (1985).

Accordingly William's claim must be viewed as "arising under" the Convention as modified by the Agreement, not under the Agreement alone. That conclusion follows readily from Justice Holmes' classic and often-reaffirmed definition in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916):

A suit arises under the law that creates the cause of action.

Indeed, later cases interpreting 28 U.S.C. § 1331 in the removal context have defined "arising under" even more broadly. See, e.g., *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983) and this Court's opinion in *Frye v. General Finance Corp.*, 35 B.R. 742, 744–45 (N.D.Ill.1983).

That conclusion brings into play the principle expressed by this Court in *Dorizas*. Because federal-question jurisdiction exists, Darrases' motion to remand is denied.