The UNITED STATES of America for the Use and Benefit of ITRI BRICK & CONCRETE CORP., Plaintiff,

v.

UNION INDEMNITY INSURANCE COMPANY OF NEW YORK, Indemnity Insurance Company of North America, Occidental Fire & Casualty Company of North Carolina, International Fidelity Insurance Company, Defendants.

No. 85–CV–2683 (JBW).

United States District Court,
E.D. New York.

Jan. 7, 1986.

Pinks, Feldman & Brooks by Steven G. Pinks, Melville, N.Y., for plaintiff.

Max E. Greenberg, Cantor & Reiss by Edward Stein, New York City, for defendant Indem. Ins. Co. of North America.

## MEMORANDUM AND ORDER

WEINSTEIN, Chief Judge:

In this action on a surety contract, plaintiff Itri Brick and Concrete Corp. moves to strike the affirmative defense that the summons and complaint were improperly served. The motion is granted. Service was properly made.

FACTS

Itri is a New York supplier and installer of building materials. Defendant Indemnity Insurance Company of North America (IINA) is incorporated in New York and licensed by the New York State Insurance Department. It maintains what is apparently its main office in Livingston, New Jersey.

Together with three other insurance companies, the defendant as a co-surety executed a payment bond for an Army Corps of Engineers construction project in Amityville, New York. Itri claims that it provided labor and materials to the project and that it was never paid. Availing itself of rights under the Miller Act, it sues on the surety contract. 40 U.S.C. § 270b (1982).

On July 23, 1985, Itri mailed a copy of the summons and complaint, together with two copies of a notice of acknowledgement conforming to the federal pattern, to the IINA office in New Jersey. *See* Form 18–A, Fed.R.Civ.P., App. To date defendant has not formally acknowledged receipt of this mailing. Based upon the oral argument and the record the court finds that the mailing was received by defendant.

After twenty days had elapsed without answer from defendant, plaintiff employed a process server to deliver the summons and complaint to an individual at the New Jersey office. The process server's affidavit that he served one Rudy Whipplehauser, a "managing agent authorized to accept service," on August 21, 1985 is not contested; the court finds that delivery was made as claimed. Defendant nevertheless argues that even if plaintiff properly mailed the first copy of the summons and complaint and delivered a copy to a responsible managing agent at defendant's principal place of business, service was insufficient to give this court personal jurisdiction over IINA.

LAW

Rule 4 of the Federal Rules of Civil Procedure, as substantially amended in 1983, is the key instruction on the commencement of a federal action. To begin a law suit, a plaintiff chooses one of two categories of service significant for our purposes. The plaintiff may serve the summons and complaint pursuant to the law of the state in which the district court is located. Fed.R.Civ.P. 4(c)(2)(C)(i). In the alternative, plaintiff may follow the method prescribed in Rule 4(c)(2)(C)(ii), the mailing provision, which reads in part:

> A summons and complaint may be served upon a defendant ... by mailing a copy ... to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender.

When there is no acknowledgement of receipt service may be completed in the manner prescribed in subdivision (d):

If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph *in the manner prescribed by subdivision (d)(1) or (d)(3)*.

Fed.R.Civ.P. 4(c)(2)(C)(ii) (emphasis added).

The plaintiff who mails a summons and complaint with the Form 18–A acknowledgement, then awaits the defendant's response. Subdivisions (d)(1) and (d)(3) provide guidance for the plaintiff who receives no acknowledgement. Subdivision (d)(1) applies to service on individuals; (d)(3) details the manner of service on a corporation:

> [Service may be made upon] a domestic or foreign corporation ... *by delivering a copy of the summons and of the complaint to* an officer [or] *a managing or general agent*....

Fed.R.Civ.P. 4(d)(3) (emphasis added).

Subdivision (d)(3) describes only the *manner* of service. There is no reference to the place of service, and no separate longarm provision.

Service on a party not within the state is governed by Rule 4(e), which instructs that the law of extraterritorial service of the state in which the district court is located may be used. New York law provides for extraterritorial service of domiciliaries by physical delivery to defendant outside the state. C.P.L.R. 313. In addition, New York allows a plaintiff to serve a domestic corporation or a foreign corporation licensed to do business in New York by delivery to the Secretary of State. N.Y. Bus.Corp.L. § 306(b). Insurance companies may also be sued through delivery to the Superintendent of Insurance. N.Y. Ins.Law § 1212(b).

## APPLICATION OF LAW TO FACTS

Plaintiff's method of service tracked the provisions of Rule 4(c)(2)(C)(ii). It complied with the requirement of mailing the summons and complaint with a Form 18–A acknowledgement. When defendant failed to acknowledge receipt, plaintiff followed the Rule 4(c)(2)(C)(ii) road map to Rule 4(d)(3) and delivered the summons and complaint to a managing agent in New Jersey.

Defendant objects to delivery to its managing agent in New Jersey, citing case law holding that when a mailing according to Rule 4(c)(2)(C)(ii) is not acknowledged plaintiff cannot elect state service under Rule 4(c)(2)(C)(i). It may be assumed for the purpose of this memorandum—without conceding the accuracy of the proposition— that an election of federal service by mail precludes a switch to state service in midcourse. *See, e.g., Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984); *Billy v. Ashland Oil, Inc.*, 102 F.R.D. 230, 233 (W.D.Pa. 1984); *Federal Deposit Insurance Corp. v. Sims*, 100 F.R.D. 792 (N.D.Ala.1984); *see also* Siegel, Practice Commentary on Amendment of Federal Rule 4, *reprinted in* 28 U.S.C.A. (West Supp.1985) at 64–65. No such switch took place here. Plaintiff remained within the confines of Rule 4(c)(2)(C)(ii) throughout.

Defendant would hold plaintiff to an absurd statutory construction. It argues that plaintiff's service was "contrary to the statute" because the service was extraterritorial, even though that statute speaks only to the method and not the place of service.

There is no justification for reading (d)(1) and (d)(3) as the sole instructions on service under the federal rules. The Federal Rules of Civil Procedure operate as a unified apparatus in the context of a complex milieu of the constitutional and statutory state and federal jurisdictional law. No subdivision or subparagraph of the rules alone describes all the options and requirements of acquiring jurisdiction. Rule 4 does not control the question of basis of jurisdiction. It merely sets out the mechanical methods of acquiring that jurisdiction by notifying defendant of the suit. The rules on service must be liberally construed in accordance with Rule 1 of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action."

*See Elmer v. Trans Mediterranean Airways*, 107 F.R.D. 55, 59 (E.D.N.Y.1985).

Plaintiff's method of service accorded with subdivision (d)(3). It is uncontested that defendant's employee, Rudy Whipplehauser, was a managing agent. That Mr. Whipplehauser was located in New Jersey is of no moment under (d)(3). The question of place of service is governed by general principles of jurisdiction imported by implication into Rules 4(e) and 4(f).

Rule 4(e) incorporates the extraterritorial service provisions of the state in which the district court is held. Service outside the state can "be made under the circumstances and in the manner prescribed in the [state] statute or rule." Fed.R.Civ.P. 4(e). Since Rule 4(e) explicitly allows service outside the state on a party not an inhabitant or found within the state, *a fortiori* it authorizes service on a person already inside the state over whom longarm jurisdiction is not required.

The Federal Rules express no preference for in-state service when a plaintiff appears to have a choice between places to serve in two states. Here plaintiff searched for a New York address and found only the Livingston, New Jersey headquarters. It was then appropriate to serve in New Jersey at defendant's headquarters since this was a method highly likely to notify defendant of the suit's pendency.

Defendant correctly states that a domestic or foreign insurance company doing business in New York may be sued by serving the Superintendent of Insurance, or the Secretary of State. N.Y.Ins.Law § 1212; N.Y.Bus.Corp.Law § 306(b). These are options, not limitations.

CONCLUSION

Plaintiff's motion to dismiss defendant's second affirmative defense of lack of personal jurisdiction is granted.

Once again a defendant has sought to delay and add to litigation expense by taking advantage of the somewhat confusing language of Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. In the two years following the 1983 amendments this practice has already produced a long line of case law. *See, e.g., Morse v. Elmira County Club*, 752 F.2d 35 (2d Cir.1984); *Elmer v. Trans Mediterranean Airways*, 107 F.R.D. 55 (E.D.N.Y.1985); *Stranahan Gear Co. v. NL Industries*, 102 F.R.D. 250 (E.D.Pa.1984); *Billy v. Ashland Oil Inc.*, 102 F.R.D. 230 (W.D.Pa.1984); *Eden Foods, Inc. v. Eden's Own Products*, 101 F.R.D. 96 (E.D.Mich.1984). Under the Federal Rules as originally promulgated by the Supreme Court, the question now posed would not have arisen. *See* Proposed Amendments to Rule 4(d), *reprinted in* 2 Moore's Federal Practice, ¶ 4.01 [33.–2], at 4–44.1–4–44.2 (upon rejection of mail service by defendant, plaintiff need follow up only by first-class mail).

Because defendant's affirmative defense was not literally frivolous, no Rule 11 sanctions are imposed. The somewhat baroque structure by which the Federal Rules partially incorporate state law may have been the source of honest confusion. The court, nevertheless, deplores what seems to have been a practice of ignoring service by mail in an attempt to defeat jurisdiction and the congressional intent to reduce expense. Such an attitude is especially dubious in the regulated insurance industry that serves an important public need. The public ultimately pays the cost of this unnecessary motion practice.

Defendant shall pay plaintiff $67.60, the cost of personal delivery, in addition to transcript fees. The Clerk of the Court shall mail copies of this memorandum to all parties. A copy shall be sent to the Superintendent of Insurance of the State of New York should the Superintendent wish to evaluate what may be dilatory tactics by an insurance carrier to avoid prompt payment of insurance claims.

So ordered.