**Ann SCARTON, Plaintiff,**

v.

**Stanley L. CHARLES, Defendant.**

**Civ. A. No. 86–70881.**

United States District Court,
E.D. Michigan, S.D.

April 30, 1987.

Peter T. Flood, Trenton, Mich., for plaintiff.

Alan C. Harnisch, Kenneth B. Morgan, Susan B. O'Toole, Southfield, Mich., for defendant.

## MEMORANDUM OPINION
## AND ORDER

PHILIP PRATT, Chief Judge.

Ann Scarton accuses Stanley Charles of bilking her out of a substantial sum of money by means of a "Ponzi-scheme." A default was entered against the defendant, after which the plaintiff filed a motion for default judgment. The defendant responded by filing a special appearance to set aside the entry of default, and moved to dismiss, claiming that he had not been properly served. On April 2, 1987, the court denied the motions for default judgment and to dismiss, set aside the entry of default and gave the plaintiff an additional sixty days in which to serve the defendant. Subsequently the court received the plaintiff's *ex parte* motion for substituted service, which is the subject of this opinion.

The plaintiff resides in Michigan, while the defendant currently lives in Florida. The complaint was filed on March 6, 1986. A copy of the summons, complaint and acknowledgment of service form was mailed to Charles' Florida address on March 11. The defendant never returned the acknowledgment form. The plaintiff then unsuccessfully attempted to serve the defendant personally, using a Florida process server.

Unless a defendant voluntarily makes an appearance or waives defective service, a federal court is without jurisdiction if service of process is not made in accordance with applicable federal or state statutory requirements, notwithstanding actual notice by the defendant of the lawsuit. *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir.1982). The initial attempt to serve Charles by mail on March 11, 1986 was ineffective. Service by mail is controlled by Fed.R.Civ.P. 4(c)(2)(C)(ii), which permits service:

by mailing a copy of the summons and of the complaint (by first-class mail, post-

age prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

There is some dispute as to the effect of the failure of a defendant to acknowledge receipt of the complaint. The Second Circuit has held that received but unacknowledged service is not void, ruling that mail service is effective upon receipt and that acknowledgment goes only to proof, not validity, of service. *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984). The opposing view is that the defendant's failure to acknowledge voids the attempted service by mail. *Stranahan Gear Co., Inc. v. NL Industries*, 800 F.2d 53 (3rd Cir.1986); *Armco v. Penrod-Stauffer Bldg. Systems*, 733 F.2d 1087 (4th Cir.1984); *see*, Siegel, *Practice Commentary on FRCP 4*, C4–19, 20, *reprinted in*, 28 U.S.C.A. Federal Rules of Civil Procedure 1 to 11 (West Supp.1987) pp. 65–66. This court believes that the latter interpretation is consistent with the plain language of the rule, which provides that alternative methods of service *shall* be used where there is no acknowledgment of mail service. From a practical perspective, the position taken by the Second Circuit in *Morse*, which focuses upon actual receipt of mail service, could result in lengthy factual disputes as to whether service was received or not. For these reasons, this court found on April 2, 1987 that effective service had not been made upon the defendant.

 Fed.R.Civ.P. 4(j) provides that if the complaint is not served upon the defendant within 120 days of filing, the action shall be dismissed unless the plaintiff can show good cause why timely service was not made. The defendant in this case has not been served even though more than one year has passed since the filing of the complaint. The plaintiff petitioned the court for additional time to serve the defendant. Where additional time is sought after the running of the 120 days, the plaintiff bears the burden of showing that the failure to serve on time was due to "excusable neglect." Fed.R.Civ.P. 6(b)(2); *Shuster v. Conley*, 107 F.R.D. 755 (W.D. Pa.1985). Mere ignorance of the rules, or failure to keep track of dates is not good cause for failure to serve a party on time. *Reynolds v. United States*, 782 F.2d 837 (9th Cir.1986); *Ruley v. Nelson*, 106 F.R.D. 514 (D.Nev.1985). Excusable neglect sufficient to justify an extension of the 120 days requires that the plaintiff show that a reasonable effort was made to effect service prior to the running of the 120 days. *Shuster, supra; Geller v. Newell*, 602 F.Supp. 501 (S.D.N.Y.1984). It is undisputed that the plaintiff mailed a copy of the complaint soon after the action was filed. She has also supplied the court with the affidavit of a Florida process server, who states that he unsuccessfully attempted personal service on Charles several times. An affidavit by the plaintiff states that she had conversations with the defendant in the fall of 1986 that led her to believe that the case would be settled soon. At oral argument, defense counsel stated that she did not believe that there was a statute of limitations problem in this case. Taking into consideration all these factors, the court on April 2, 1987 declined to dismiss this action under Fed.R.Civ.P. 4(j), and pursuant to Fed.R.Civ.P. 6(b)(2) gave the plaintiff an additional sixty days to serve the defendant. The plaintiff then filed her *ex parte* motion for substituted service.

The plaintiff seeks leave to use substituted service pursuant to Fed.R.Civ.P. 4(d)(7). Rule 4(d)(7) was repealed in 1983. Pub.L. 97–462, § 2(3)(B), January 12, 1983, 96 Stat. 2528. Rule 4(d)(7) provided that a defendant could be served "in the manner prescribed by the law of the state in which the service is made for the service of summons...." That section was replaced by

Fed.R.Civ.P. 4(c)(2)(C)(i), which provides that a defendant may be served "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that state." The court will treat this motion as if it had been brought under this section. The issue to be determined is whether the plaintiff may avail herself of this section.

■ Rule 4(c)(2)(C)(ii), the section pursuant to which the plaintiff initially attempted service, provides that if the defendant does not return the acknowledgment form within 20 days, "service of such summons and complaint *shall* be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)." [emphasis added] The alternate methods of service cited in this provision mention only personal service. Several courts have interpreted this language to mean that once the plaintiff elects to use the mail service provision of (C)(ii), and the defendant fails to acknowledge, the alternative state procedures of (C)(i) are no longer available and personal service pursuant to Rule 4(d)(1) or (3) are the only alternatives. *Green v. Humphrey Elevator*, 816 F.2d 877 (3rd Cir.1987); *Armco v. Penrod-Stauffer Bldg., Systems*, 733 F.2d 1087 (4th Cir.1984); *Shuster v. Conley*, 107 F.R.D. 755 (W.D.Pa.1985); *Billy v. Ashland Oil*, 102 F.R.D. 230 (W.D.Pa.1984); *see*, Siegel, *supra*, C4–19, 28 U.S.C.A.Fed. R.Civ.P. 1–11 (West Supp.1987) at p. 38. Besides the plain language of 4(c)(2)(C)(ii), these courts rely on 4(c)(2)(D), which provides that where the defendant does not show good cause for failing to acknowledge service, "the court shall order the payment of the costs of *personal service*" on the defendant. [emphasis added]. The Fifth Circuit recently held that literal interpretation of the word "shall" in 4(c)(2)(C)(ii) would distort the purpose of the rule, and that plaintiffs should always have the option to use state methods, even after the

plaintiff initially elects the federal mail service procedure. *Humana, Inc. v. Jacobson*, 804 F.2d 1390 (5th Cir.1986). This court does not believe it is free to ignore the clear language of the rule, and follows the majority of courts ruling that an election of service by mail under the federal method precludes a switch to state service procedures in mid-course. Having attempted and failed to effect mail service, the only avenue open to Scarton is to serve Charles personally.

Denying the plaintiff the use of state service methods raises another question. Charles lives in Florida. Fed.R.Civ.P. 4(e) provides that when a defendant is a nonresident, service may be made in the manner prescribed by the statute or rule of the state where the district court sits. Rule 4(e) allows reference to state procedures for serving nonresidents where federal statutes do not provide a method. Despite the permissive language of Rule 4(e), a majority of courts addressing the issue have held that where the state long arm statute is the basis for personal jurisdiction, only state methods may be used to serve nonresidents, and that the federal mail service method cannot be used. *Reno Distributors v. West Texas Oil Fields Eq.*, 105 F.R.D. 511 (D.Kan.1985) [citing several cases]. However, this rule is not universal. The Eleventh Circuit, without much discussion, recently held that Rule 4(e) was permissive, and that either federal or state methods were appropriate for nonresident service. *McDougald v. Jenson*, 786 F.2d 1465, 1487 (11th Cir.1986). Judge Weinstein has also permitted federal methods of service on nonresidents. *United States v. Union Indem. Ins. Co. of New York*, 109 F.R.D. 153 (E.D.N.Y.1986). The leading commentator on Rule 4 heartily approves of this approach: "Such a reading is so logically self evident, and in this writer's opinion so historically justifiable that this healthy notion ought to spread nationwide, catching up to and overtaking the now massive case law going the other way...." Siegel, *supra*, C4–30, *reprinted in*, 28 U.S.

C.A.Fed.R.Civ.P. 1–11 (West Supp.1987) at pp. 67–68.

The dispute as to the permissive or mandatory nature of Rule 4(e) is not an idle one. If Rule 4(c)(2)(C)(ii) is strictly interpreted to preclude state methods of service once federal methods have been elected, and Rule 4(e) is interpreted to require that only state methods may be used to serve nonresidents, a plaintiff may be caught in a "Catch 22." Once a plaintiff elects federal procedures, she is precluded from using state methods to serve a nonresident, yet if only state methods of service can be used on nonresidents, the defendant can never be properly served. Siegel describes this as a "Byzantine intrigue." Siegel, *supra*, C4–30, 28 U.S.C.Fed.R.Civ.P. 1–11 (West Supp.1987) at p. 66. One court has resolved this issue in favor of the defendant, holding that the plaintiff was precluded from using state long-arm service procedures on nonresident defendants because the plaintiff first attempted mail service by the federal method. *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 110 F.R.D. 4 (S.D.W.Va.1985).

█ Rule 4 should not be interpreted to make service upon nonresidents impossible once the plaintiff elects to use a method of serving process expressly permitted by the rule. Rule 4(e) uses the word "may," not "shall," and should be so interpreted. This court agrees with the Eleventh Circuit and Judge Weinstein that Rule 4(e) is permissive, and that either federal or state methods are appropriate for nonresident service. In both *Union Indemnity* and *McDougald*, the courts permitted personal service pursuant to Rule 4(d)(1) and (3) after nonresident defendants failed to return the acknowledgment form as required by Rule 4(c)(2)(C)(ii).

Accordingly, the plaintiff's motion for substituted service is denied. The plaintiff is granted sixty days from the date of this order to effect personal service upon the defendant.

IT IS SO ORDERED.