**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**MT. VERNON RANCH, INC., Thomas R. Twombly, Shirley Twombly, La Veta Twombly, Gregg Thomas and Bary Thomas, Defendants.**

No. 87–6008–CV–SJ–8.

United States District Court, W.D. Missouri, St. Joseph Division.

Jan. 20, 1988.

Barbara A. Braznell, Liles & Davison, St. Joseph, Mo., for plaintiff.

Mt. Vernon Ranch, Inc., Thomas R. Twombly, Shirley Twombly, and La Veta Twombly, pro se.

Kay R. Willis, Ryder, Rose, Frensley & Shapiro, Kansas City, Mo., for defendants Gregg Thomas and Bary Thomas.

## MEMORANDUM AND ORDER

JOSEPH E. STEVENS, Jr., District Judge.

Plaintiff in the above-styled case sued defendants to recover the amount owed on various promissory notes. Defendant Mt. Vernon Ranch, through its registered agent, received a summons on March 5, 1987 and signed the acknowledgment form on March 17, 1987. Defendants Shirley Twombly and Thomas Twombly were served on April 16, 1987. Defendant Laveta Twombly apparently was never served. The case is currently before the court on the motion of defendants Gregg and Bary Thomas to dismiss for insufficient service of process or, in the alternative, to quash service for insufficient process.

Defendants Gregg and Bary Thomas are brothers and both reside in Doniphan County, Kansas. The two brothers live on separate farms, however. Plaintiff first attempted to serve these two defendants pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). This rule provides that

a summons and complaint may be served by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and an acknowlegment ... and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within twenty days after the date of mailing, service of

such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Although both defendants received the summons and complaint, neither returned the acknowledgment form on the advice of counsel.[1] When the notice and acknowledgment was not received by plaintiff within the twenty-day period, a second notice and acknowledgment of receipt of summons and complaint was mailed to both defendants by the United States Marshal's Service on April 13, 1987. Again, counsel advised defendants that this service was not proper and neither defendant returned the notice and acknowledgment form. Finally, on May 20, 1987 a person believed to be a United States Marshal personally served Gregg Thomas at his home in Kansas. Affidavit of Gregg Thomas at 1. The marshal also left a summons for defendant Bary Thomas with Gregg Thomas. Defendants ask this court to dismiss the case for insufficient service of process or, in the alternative, to quash service for insufficient process.

■ Defendants first contend that in actions pending in this Federal District Court in Missouri mail service pursuant to Rule 4 of the Federal Rules of Civil Procedure is not available to serve defendants who cannot be found within Missouri. The court notes, without deciding, that the majority of courts facing this issue have found that the mail service rule is not available for use by plaintiffs wishing to serve out-of-state defendants. *See, e.g., Reno Distributors v. West Texas Oil,* 105 F.R.D. 511, 513 (D.Kan.1985) (citations omitted). Regardless, however, of whether the mail service rule is available to serve out of state defendants, no acknowledgment of service was returned in this case and, therefore, mail service was not effective.[2]

Since no acknowledgment of service was received under Rule 4(c)(2)(C)(ii), the second sentence of that rule becomes important. That sentence provides that if no acknowledgment is received within twenty days of the date of mailing, service of the summons and complaint *"shall* be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)." Thus, once plaintiff realized that the use of the mail did not accomplish service it was required personally to serve the summons on each defendant "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...." Fed.R.Civ.P. 4(d)(1).

Plaintiff argues that it complied with this provision of the rule when the United States Marshal served the summons and complaint directed to both defendants by serving and delivering the summons and complaint to Gregg Thomas on May 20, 1987. In other words, plaintiff argues that when no acknowledgment of service was received it properly served defendants as directed by the mail service rule by personally serving them in the manner described in Rule 4(d)(1). Defendants argue that this method of personal service is insufficient because a plaintiff cannot effectively serve an out-of-state defendant under the federal rules once mail service has been unsuccessfully attempted.

Initially, the court notes that other courts interpreting the federal mail service rule have reached a wide variety of results. No district court in Missouri nor the Eighth Circuit has yet been faced with interpreting the somewhat convoluted wording of Rule 4(c)(2)(C)(ii) or the interplay that rule has

---

1. Counsel advised defendants that federal mail service across state lines was not effective service and, therefore, they did not need to return the notice and acknowledgment. Suggestions in Support of Motion to Dismiss at 2.

2. This court joins other courts in noting that defendants should not abuse the provisions of the federal mail service rule simply by choosing not to return the acknowledgment form in order to avoid mail service. *See, e.g., Morse v. Elmira Country Club,* 752 F.2d 35, 40 (2d Cir. 1984); *United States v. Union Indemnity Insurance Co. of New York,* 109 F.R.D. 153, 156 (E.D.N.Y.1986).

with Rules 4(e) and 4(f).[3] Thus, in order to decide this motion, the court will first look to the intent of Fed.R.Civ.P. 4.

One of the main purposes of Rule 4 is to insure that a potential defendant receives adequate notice that a complaint has been filed against him. For example, in construing the federal mail service rule the Second Circuit has stated that "strong factors of justice and equity push toward reading Rule 4(c) as providing for effective mail service where ... the recipient actually receives the mail service but refuses to acknowledge it properly." *Morse v. Elmira Country Club*, 752 F.2d 35, 40 (2nd Cir.1984). The court went on to note that Congress would have no reason to draft a statute that "would become ineffective simply because the defendant, without reason, acted like the dog in the manger." *Id.* Similarly, commentators have noted that Rule 4 "was designed to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of the commencement of the action and to eliminate unnecessary technicality in connection with service of process." Wright & Miller, *Federal Practice and Procedure*, § 1061 at 215–16 (1987). *See also Humana Inc. v. Avram A. Jacobson, M.D.*, 804 F.2d 1390, 1393 (5th Cir.1986) ("Congress modified the Supreme Court's version of the service-by-mail provision ... 'to insure that defendant[s] would always receive actual notice.' ") (citations omitted). Thus, in interpreting the provision of Rule 4(c) which provides that if mail service is ineffective service shall be made pursuant to Rules 4(d)(1) or 4(d)(3), this court believes that primary emphasis should be placed on determining that the defendant receives actual notice that a suit has been filed against him. In addition, the rule should be construed to avoid excess technicalities.

Some of the courts confronting the meaning of Rule 4(c) have taken exactly this approach. For example, in *McDougald v. Jenson*, 786 F.2d 1465, 1487 (11th Cir.1986), the court rejected a challenge made by an out-of-state party who was personally served after mail service had been unsuccessfully attempted under Rule 4(c)(2)(C)(ii). Defendant in *McDougald* argued, as do defendants here, that mail service on out-of-state defendants under 4(c) must also satisfy the requirements of the long arm statute of the state in which the district court sits. Although the court did not explain why it decided the way it did, it noted that Rule 4(e) provides that service on a nonresident defendant *"may ... be ... made in the manner prescribed by the [state] statute or rule." Id.* at 1487 (quoting Fed.R.Civ.P. 4(e)) (emphasis added). The court reasoned that Rule 4(e)'s language was permissive and, therefore, did not "require that service upon a nonresident pursuant to Rule 4(c) also satisfy the requirements of the state long arm statute." *Id.*

In a more detailed opinion, the United States District Court for the Eastern District of New York held that a plaintiff who unsuccessfully attempted mail service under the federal rule effectively served an out of state defendant when it personally delivered the summons and complaint to the corporation's agent pursuant to Rule 4(d)(3). The court noted that defendant's argument,[4] that a plaintiff who unsuccessfully attempts mail service cannot ever serve an out of state defendant, "would hold plaintiff to an absurd statutory construction." *United States v. Union Indemnity Insurance Company of New York*, 109 F.R.D. 153, 155 (E.D.N.Y.1986). Specifically, the court noted that because the "statute speaks only to the method and not the place of service" there is no reason to interpret Rule 4(d) as the sole method of service under the federal rules. *Id.* The court added that

Rule 4 does not control the question of basis of jurisdiction. It merely sets out the mechanical method of acquiring that jurisdiction by notifying defendant of the suit. The rules on service must be liberally construed in accordance with Rule

---

**3.** These rules deal with service upon parties who are not found within the state where the district court sits.

**4.** Defendant in the present case makes a similar argument.

1 of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action.' *Id.* at 155. *See also Scarton v. Charles,* 115 F.R.D. 567 (E.D.Mich.1987) (personal service on out of state defendants pursuant to Rule 4(d)(1) after unsuccessful attempt at mail service is permissible); D. Siegel, "Practice Commentaries on FRCP Rule 4," Reprinted in 28 U.S.C.A. Fed.R.Civ.P. 1–11 (West Supp. 1987 at 51) (purpose of amendments to Rule 4(e) was to "lift state lines and expand the territorial reach of the federal summons. Basis—amenability to jurisdiction—was its aim, not method of service.")

In the present case, then, plaintiffs effectively served defendant Gregg Thomas by personally serving him pursuant to Rule 4(d)(1) at his farm in Troy, Kansas. Plaintiffs did this by following the Rule 4(c)(2)(C)(ii) roadmap which provides that when a plaintiff is unsuccessful in securing service under the federal mail service rule he shall personally serve the defendant under subdivision (d)(1) or (d)(3). Defendants' argument that service was ineffective under this provision, because the defendant was located outside of Missouri, must fail due to Rule 4(e)'s permissive language providing that service on an out of state party *may* be made under state law. Nothing in the language of Rule 4(e) suggests that service *must* be made in accordance with the state procedure. Thus, this court holds that if a plaintiff unsuccessfully attempts mail service on an out of state defendant he or she may then personally serve the defendant pursuant to Rule 4(d) regardless of whether the defendant resides in the same state as the district court sits. *See McDougald,* 786 F.2d at 1487; *Scarton,* 115 F.R.D. at 570–571; *Union Indemnity,* 109 F.R.D. at 155–56.

Although plaintiff has successfully served defendant Gregg Thomas, successful service has not yet been had on his brother, Bary Thomas. Rule 4(d)(1) clearly provides that personal service may be had by delivering a copy of the summons and complaint to the defendant personally or "by leaving copies thereof at the individu-al's dwelling house or usual place of abode...." Plaintiff clearly did not comply with this provision since the marshal served Gregg Thomas with his brother's summons and complaint at Gregg's home. In an affidavit submitted in support of defendants' motion to dismiss, Gregg Thomas testified that the marshal who served him asked where Bary Thomas lived. After giving the marshal directions to Bary's home, Gregg Thomas stated that the marshal asked him if he would be seeing his brother and if he "could or would" give Bary the summons and complaint. The affidavit states that Gregg Thomas said that he shook his head in an affirmative manner and that the marshal then handed him Bary Thomas' papers. Service in this manner clearly does not comply with the provisions of Rule 4. As a result, plaintiff has not succeeded in serving plaintiff Bary Thomas. Accordingly, it is

ORDERED that defendants' motion to dismiss for insufficient service of process is denied. It is further

ORDERED that defendants' motion to quash service for insufficient process is granted as to defendant Bary Thomas and denied as to defendant Gregg Thomas.