Telford P. **WHISMAN**, Plaintiff,

v.

Loran W. **ROBBINS**, Trustee, et al., **Defendants**.

No. C–3–87–458.

United States District Court, S.D. Ohio, W.D.

July 15, 1988.

DECISION AND ENTRY SUSTAINING THE MOTIONS TO QUASH SUMMONS OF DEFENDANT ROBBINS (DOC. #8), DEFENDANT WINSTEAD (DOC. #9), DEFENDANT SANSONE (DOC. #10), DEFENDANT COOK (DOC. #11), DEFENDANT McDOUGALL (DOC. #12), DEFENDANT BAKER (DOC. #13), DEFENDANT PULLIAM, SR. (DOC. #14), AND DEFENDANT BUNTE, JR. (DOC. #15)

RICE, District Judge.

This case is before the Court on the Motions to Quash Summons of Defendant Robbins (Doc. #8), Defendant Winstead (Doc. #9), Defendant Sansone (Doc. #10), Defendant Cook (Doc. #11), Defendant McDougall (Doc. #12), Defendant Baker (Doc. #13), Defendant Pulliam, Sr. (Doc. #14), and Defendant Bunte, Jr. (Doc. #15). For the reasons set forth below, the Court concludes that each Defendant's motion must be sustained in its entirety.

On September 11, 1987, Plaintiff brought this action pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) and the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (Doc. #1). Defendants, Robbins, Winstead, Sansone, Cook, McDougall, Baker, Pulliam, and Bunte, are allegedly trustees of Defendant Central States, Southeast and Southwest Areas, Pension Fund (Doc. #1). Plaintiff asserts that service of summons was attempted by certified mail on each of the Defendant Trustees on September 14, 1987 (Doc. #21). Plaintiff has provided certified mail receipts for each of the Defendant Trustees which indicate that each summons was addessed to Central States Pension Fund, 8550 W. Bryn Mawr Avenue, Chicago, Illinois, 60631. However, Plaintiff received no acknowledgement of service from Defendant Trustees. Plaintiff further asserts that on October 16, 1987, his counsel sent a letter to the Legal Department of Defendant Central States, noting the Defendant Trustees' failure to return an acknowledgement.

Konrad Kuczak, Dayton, Ohio, for plaintiff.

James A. Dyer, Dayton, Ohio and Neil K. Quinn, Richard M. Waris and Mary Ann H. Capron, Chicago, Ill., for defendants Robbins, Winstead, Sansone, Cook, McDougall, Baker, Pulliam and Bunte.

Louis F. Solimine, Cincinnati, Ohio, and Joan P. Simmons, Chicago, Ill., for defendant Central States.

Plaintiff further alleges that he subsequently engaged a special process server to personally serve the Defendant Trustees at their regularly scheduled November meeting, which was to occur at the 8550 West Bryn Mawr Avenue address on November 23 and 24, 1987. Plaintiff contends that the special process server, Mr. Yohanna, went to the West Bryn Mawr Avenue address on November 23, 1987, and was advised by a Mr. Craig of the Legal Department of Defendant Central States that although Mr. Craig would accept service of summons on behalf of the individual Defendants, he would not allow Mr. Yohanna to personally serve the individual Defendant Trustees. It is further alleged that when Mr. Yohanna returned to the West Bryn Mawr Avenue address on November 24, 1987, he was again informed that Mr. Craig would accept service of summons. Plaintiff contends that Mr. Yohanna gave Mr. Craig all copies of the Defendant Trustees' summonses, and that Mr. Craig obtained possession of said summonses for over thirty minutes before announcing to Mr. Yohanna that he was not accepting service of summons on behalf of the Defendant Trustees.

In his Memorandum in Opposition to Motions to Quash Service of Summons (Doc. # 21), Plaintiff makes four basic assertions in support of his argument that service of process upon the Defendant Trustees was effective. *First,* Plaintiff asserts that Plaintiff's attempt to serve Defendant Trustees by certified mail at the West Bryn Mawr Avenue address was effective under Fed.R.Civ.P. 4(c)(2)(C)(ii). *Second,* Plaintiff asserts that the attempt by Plaintiff's special process server to serve the Defendant Trustees at the West Bryn Mawr Avenue address was effective under Fed.R.Civ.P. 4(d)(1) and/or 29 U.S.C. § 1132(e)(2). *Third,* Plaintiff asserts that under the terms of the Summary Plan Description of the Central States, Southeast and Southwest Areas, Pension Fund, the Defendant Trustees could properly be served at the West Bryn Mawr Avenue address. *Fourth,* Plaintiff asserts that under Fed.R. Civ.P. 4(c)(2)(C)(i), service may be made pursuant to the law of Ohio, and that Plain-

tiff's attempt to serve the Defendant Trustees by certified mail at the West Bryn Mawr Avenue address was sufficient to meet the requirements of Ohio Civ.R. 4.1. The Court will consider each of these assertions seriatim.

## I. SERVICE UNDER FED.R.CIV.P. 4(c)(2)(C)(ii)

■ Plaintiff first asserts that despite the fact that the Defendant Trustees did not return a signed acknowledgement form, service of process upon Defendant Trustees was effective under Fed.R.Civ.P. 4(c)(2)(C)(ii). For the reasons briefly set forth below, this Court concludes that said assertion is without merit.

Fed.R.Civ.P. 4(c)(2)(C)(ii) states:

A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or paragraph (3) of subdivision (d) of this rule ... by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. *If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by division (d)(1) or (d)(3).*

(Emphasis added). As noted by the Plaintiff, the circuits are indeed divided over the question of whether under Fed.R.Civ.P. 4(c)(2)(C)(ii) service can be effective in the absence of a returned acknowledgement of service. The Second Circuit has concluded that "the rule should [not] be read to void a received-but-unacknowledged mail service, or to substitute the requirement of personal service in lieu of an acknowledged mail service." *Morse v. Elmira Country Club,* 752 F.2d 35, 39 (2d Cir.1984). *See also Humana, Inc. v. Jacobson,* 804 F.2d 1390, 1393 (5th Cir.1986). Under the Second Circuit's view, the key consideration is wheth-

er a particular defendant received actual notice. *Morse*, 752 F.2d at 41.

The position taken by the Second Circuit has been rejected by the vast majority of courts. *See Worrell v. B. F. Goodrich Co.*, 845 F.2d 840, 841–42 (9th Cir.1988); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 443 (D.C.Cir.1987); *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 881 (3d Cir.1987); *Scarton v. Charles*, 115 F.R.D. 567, 569 (E.D.Mich.1987). *First*, it has been noted that the Second Circuit's view completely ignores the plain language of Fed.R.Civ.P. 4(c)(2)(C)(ii). *See Combs*, 825 F.2d at 443; *Scarton*, 115 F.R.D. at 569. Rule 4(c)(2)(C)(ii) specifically requires that if no acknowledgement of service is received by a plaintiff, "service ... *shall* be made under subparagraph (A) or (B) of this paragraph...." (Emphasis added). The requirement that a party who has not received an acknowledgement of service utilize other methods of service strongly suggests that said party's first attempt at service was *not* effective. *Second*, those courts rejecting the *Morse* court's view have noted that "[f]rom a practical perspective, the position taken by the Second Circuit in *Morse*, which focuses upon actual receipt of mail service, could result in lengthy factual disputes as to whether service was received or not." *Scarton*, 115 F.R.D. at 569. *See also Green*, 816 F.2d at 881. While the Sixth Circuit has not directly addressed the issue of whether service can be effective under Fed.R.Civ.P. 4(c)(2)(C)(ii), if no acknowledgement of service is received by Plaintiff within 20 days, it has noted that "[t]he courts, consistent with the legislative history, have held that the defendant's failure to acknowledge service renders such service invalid, and requires the plaintiff to personally serve the defendant." *United States v. Gluklick*, 801 F.2d 834, 836 (6th Cir.1986) (emphasis added), *cert. denied*, 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987). The Sixth Circuit emphasized the fact that "[t]he legislative history provides: 'If the defendant returns the acknowledgement form to the sender within twenty days of mailing, the sender files the return and service is complete. If the acknowledgement is not re-

turned within twenty days of mailing, the service *must* be effected through some other means provided for in the Rules.'" *Id.* at 836 n. 4 (quoting 128 Cong.Rec. H9848 (Dec. 15, 1982) (statement of Rep. Edwards), *reprinted in* 1982 U.S.Code Cong. & Ad.News, 4434, 4440 (emphasis added)). Based upon the plain language of Fed.R.Civ.P. 4(c)(2)(C)(ii), its legislative history, and the practical problems created by the *Morse* position, this Court concludes that where no acknowledgement of service is returned, service by mail is ineffective under Fed.R.Civ.P. 4(c)(2)(C)(ii).

Accordingly, as no acknowledgement of service was received by the Plaintiff in the case at bar, the Court concludes that Plaintiff's first attempt at service by certified mail was ineffective under Fed.R.Civ.P. 4(c)(2)(C)(ii).

## II. PERSONAL SERVICE UNDER FED. R.CIV.P. 4(d)(1) AND/OR 29 U.S.C. § 1132(e)(2)

Plaintiff next asserts that even if his attempt to serve the Defendant Trustees by certified mail was not effective, his attempt to obtain *personal* service upon the Defendant Trustees was effective under Fed.R.Civ.P. 4(d)(1) and/or 29 U.S.C. § 1132(e)(2). For the reasons briefly set forth below, the Court concludes that said assertion is without merit.

### A. *Service Under Fed.R.Civ.P. 4(d)(1)*

 Under Fed.R.Civ.P. 4(d)(1):
Service shall be made as follows: (1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Plaintiff argues that the Defendant Trustees were effectively served on November 24, 1987, when the special process server, Mr. Yohanna, gave Mr. Craig Defendant Trustees' summons. Basically, Plaintiff

asserts that Mr. Craig was acting as the Defendant Trustees' *agent.* Clearly, under the plain language of Fed.R.Civ.P. 4(d)(1), service of process can be effectively made upon an agent. The question with which this Court is faced is whether Mr. Craig was in fact the agent of Defendant Trustees. In determining whether or not Mr. Craig was acting as the agent of the Defendant Trustees, the Court must first consider the type of authorization required by Fed.R.Civ.P. 4(d)(1). Said rule permits an agent to be authorized to accept service "by appointment" or "by law". This Court concludes that there is no question with regard to the fact that Mr. Craig was not appointed by law. Thus, the Court will concentrate on whether or not Mr. Craig was authorized by appointment to accept process for Defendant Trustees. " 'By appointment' means an actual appointment by the defendant, and, if such has been made, service upon the agent gives the court jurisdiction." *See Szabo v. Keeshin Motor Express,* 10 F.R.D. 275, 276–77 (N.D. Ohio 1950). In the absence of an actual appointment, service of process is ineffective. *See Franklin America, Inc. v. Franklin Cast Products, Inc.,* 94 F.R.D. 645, 647 (E.D. Mich.1982) ("an appointment must be made or authorized by the defendant."); 2 J. Moore, J. Lucas, H. Fink, & C. Thompson, *Moore's Federal Practice,* ¶ 4.12 (2d ed. 1987) ("Where actual appointment to accept service is not shown, the service is invalid."). "The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extrajudicial statements of the attorney [agent]." *Schwarz v. Thomas,* 222 F.2d 305, 308 (D.C.Cir.1955). *See also First American Bank, N.A. v. United Equity Corp.,* 89 F.R.D. 81, 84 (D.D.C.1981) ("The court finds, however, that the clerk was not

... an authorized agent. While it is true that the clerk represented herself as such on the receipt, her acceptance of service and her own statements of authority are, in and of themselves, insufficient to establish the required agency relationship."); 2 J. Moore, J. Lucas, H. Fink & C. Thompson, *Moore's Federal Practice,* ¶ 4.12 (2d ed. 1987) ("The agent's acceptance of service, or his own statement as to his authority, is insufficient, standing alone, to establish authorization to receive process."). In the case at bar, Defendant Trustees have put forth evidence to the effect that Mr. Craig has *not* been appointed by the Trustees "as their authorized agent or as a person designated to accept service of process on their behalf." (Doc. # 27, Affidavit of Robert Baker, ¶ 1(d)). The only evidence set forth by Plaintiff with regard to Mr. Craig's appointment is the affidavit testimony of Mr. Yohanna concerning the statements allegedly made by Mr. Craig on November 23 and November 24, 1987. (Doc. # 21, Affidavit of Gerald Yohanna). According to Mr. Craig's account of the events of November 23 and November 24, 1987, Mr. Craig *never* indicated to Mr. Yohanna that he was authorized to accept service (Doc. # 27, Affidavit of Terence G. Craig). However, even assuming *arguendo,* that Mr. Craig did in fact assure Mr. Yohanna that Mr. Craig was authorized to accept service of process for the Defendant Trustees, this Court concludes that such assurances would simply not be sufficient to establish that Defendant Trustees had, in fact, appointed Mr. Craig as their agent.

Based upon the foregoing, the Court concludes that service was not effectively made upon the Defendant Trustees under Fed.R.Civ.P. 4(d)(1).[1]

**B.** *Service Under 29 U.S.C. § 1132(e)(2)*

■ Plaintiff next asserts that as 29 U.S.C. § 1132(e)(2) permits service of pro-

---

1. In Plaintiff's Response to Defendants' Memorandum in Support of their Motion to Quash Service of Summons and Dismiss (Doc. # 30), Plaintiff further asserts that Defendant Trustees are being sued in their official capacities as Trustees, and that "service upon the fund is, in fact, service upon the Trustees, individually in their official capacity." (Doc. # 30, at 3). In

making this assertion, Plaintiff places great reliance upon the case of *Daly–Murphy v. Winston,* 837 F.2d 348 (9th Cir.1987). In *Daly–Murphy,* the Ninth Circuit did in fact conclude that jurisdiction could be obtained over individual defendants in their official capacity by service of summons upon the authorized agent of their employer. *Daly–Murphy,* 837 F.2d at 355.

cess "where a defendant resides or may be found", it expands the places where service may be made by leaving copies of the process. For the reasons briefly stated below, the Court concludes that this assertion is without merit.

While it is true that 29 U.S.C. § 1132(e)(2) allows Defendants to be served wherever they are found, this statute does not alter the requirements of Fed.R.Civ.P. 4(d)(1). In other words, § 1132(e)(2) does not affect the *method* of service. Rule 4(d)(1) of the Federal Rules of Civil Procedure permits service to be made by leaving copies of the summons and complaint at a defendant's dwelling. However, it does *not* permit service to be made by leaving copies of the process at a defendant's place of employment. *See Thompson v. Kerr,* 555 F.Supp. 1090, 1093 (S.D. Ohio 1982). *See also* 2 J. Moore, J. Lucas, H. Fink & C. Thompson, *Moore's Federal Practice,* ¶ 4.11[2] (2d ed 1987). The fact that Plaintiff's process server left the process at the location of the Defendant Trustees' Board meeting is insufficient to meet the requirements of Fed.R.Civ.P. 4(d)(1).

Based upon the foregoing, the Court concludes that the Defendant Trustees were not properly served under 29 U.S.C. § 1132(e)(2).

## III. SERVICE UNDER THE TERMS OF THE SUMMARY PLAN DESCRIPTION OF THE CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS, PENSION FUND

■ Plaintiff next asserts that the Summary Plan Description of the Central States, Southeast and Southwest Areas, Pension Fund impacts upon the method required to effectuate service of process upon the Defendant Trustees. For the reasons briefly set forth below, this Court concludes that Plaintiff's reliance upon the terms of the Plan is misplaced.

The Summary Plan Description states in pertinent part: "If you wish to take legal action against the Plan, you may have legal process served on the Executive Director or any of the Plan Trustees." It is clear that this statement is related to service upon *the Plan itself,* not service upon individual trustees, whether said trustees are being sued in their individual or official capacities. The Summary Plan Description does *not* state that those wishing to take legal action against the *trustees* may have legal process served upon the Executive Director.

Based upon the foregoing, the Court concludes that the Summary Plan Description does not impact upon the method required to effectuate service of process upon the Defendant Trustees, and thus, that Plaintiff's assertion that Defendant Trustees were properly served under the terms of the Summary Plan Description is without merit.

## IV. SERVICE UNDER THE OHIO RULES

■ Finally, Plaintiff asserts that under Fed.R.Civ.P. 4(c)(2)(C)(i), service may be made pursuant to the law of Ohio, and that Plaintiff's attempt to serve the Defendant Trustees by certified mail was sufficient to effectuate service under Ohio R.Civ.P. 4.1.

However, the *Daly–Murphy* case can be distinguished from the case at bar on the ground that the *Daly–Murphy* case involved individual defendants who were officers of the United States. Under Fed.R.Civ.P. 4(d)(5), "an officer or agency of the United States [can be served], by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." The individual Defendants in the case at bar are *not* federal officers. The Sixth Circuit has held that jurisdiction may not be obtained over individual defendants in the absence of proper service of process. *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir.1976) ("Though the amended complaint fails to reflect whether the individuals were sued in their official or their individual capacities, even if they were sued in their official capacities, proper service of process would still be necessary to obtain personal jurisdiction over those officials."). Based upon the foregoing, the Court concludes that Plaintiff's proper service upon the plan itself was not sufficient to provide this Court with personal jurisdiction over the Defendant Trustees.

For the reasons briefly set forth below, the Court concludes that Plaintiff's assertion is without merit.

Rule 4(c)(2)(C)(ii) states in pertinent part "A summons and complaint may be served upon a defendant ... pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that state...." Thus, it was in fact possible for the Plaintiff to serve the Defendant Trustees pursuant to the law of Ohio.

Basically, Plaintiff is asserting that while his attempt to serve the Defendant Trustees by certified mail may have been ineffective under the federal rules, said attempt was in fact effective under the Ohio rules. This Court has serious doubts as to whether a party can in effect, circumvent the federal rules in the manner suggested by Plaintiff. However, even assuming *arguendo*, that a failed attempt to effect service of process under the federal rules can constitute a successful attempt under the Ohio rules, the Court concludes that Plaintiff has not effectively served Defendant Trustees for Plaintiff has *not* met the requirements of Ohio R.Civ.P. 4.1.

Rule 4.1 of the Ohio Rules of Civil Procedure states in pertinent part: "Evidenced by return receipt signed by any person, service of any process shall be by certified mail unless otherwise permitted by these rules." The return of an acknowledgement of service is not required by Ohio R.Civ.P. 4.1. In the case at bar, the Plaintiff did attempt to effect service by certified mail and such service is evidenced by a return receipt. The key issue with which this Court is faced is whether the location to which the process was directed meets the requirements of Ohio law.

Under Ohio law:

Service of process made at the business address of an individual ... pursuant to Civ.R. 4.1(1) ... must comport with the requirements of due process. *Regional Airport Authority v. Swinehart* (1980), 62 Ohio St.2d 403, 406 N.E.2d 811. The standard of due process, first enunciated

in *Mullane v. Central Hanover Bank & Trust Co.*, (1950), 339 U.S. 306, at page 314, 70 S.Ct. 652, at page 657, 94 L.Ed. 865, is as follows: "An elementary and fundamental requirement of due process in any proceeding which is accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.*" (Emphasis added.)

*Samson Sales v. Honeywell, Inc.*, 66 Ohio St.2d 290, 421 N.E.2d 522, 524 (1981). Thus, in order for Plaintiff's service by certified mail upon the Defendant Trustees to be effective under Ohio law, said service must provide the Defendant Trustees with sufficient notice of the action. This Court has previously held that "[i]t is doubtful that service upon a business only irregularly visited by some or all of the directors, would satisfy the reasonable notice requirements embodied in due process." *Thompson*, 555 F.Supp. at 1094. The Defendant Trustees have submitted an uncontradicted affidavit which states that "[t]he Trustees as a board, meet and conduct business at the 8550 West Bryn Mawr, [sic] only one or two days a month." (Doc. # 27, Affidavit of Robert Baker at ¶ 1(c)). As Defendant Trustees only visit the 8550 West Bryn Mawr address one to two times per month, this Court cannot conclude that service by certified mail to that address was reasonably calculated to provide notice to the Defendant Trustees.

Based upon the foregoing, the Court concludes that the Defendant Trustees were not effectively served pursuant to Ohio R.Civ.P. 4.1.

## V. CONCLUSION

As this Court has determined that the Defendant Trustees were not effectively served pursuant to either the Federal Rules of Civil Procedure or the Ohio Rules of Civil Procedure, the Court concludes that the Defendant Trustees' Motions to Quash Service of Summons and Dismiss must be and hereby are sustained in their entirety. Plaintiff's claims against Defen-

dant Trustees are hereby dismissed without prejudice.