**PERKIN ELMER (COMPUTER SYSTEMS DIVISION), Plaintiff,**

v.

**TRANS MEDITERRANEAN AIRWAYS, S.A.L., Defendant.**

**No. CV–85–0642 (JBW).**

United States District Court, E.D. New York.

July 30, 1985.

Jeffrey L. Neandross, Graham, Miller, Neandross, Mullin & Ronan, P.C., New York City, for plaintiff.

Ronald A. Bartolucci, Garbarini, Scher & DeCiccio, P.C., New York City, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, Chief Judge.

Defendant Trans Mediterranean Airways, S.A.L. has moved to dismiss the complaint pursuant to Rule 12(b)(4)–(6) of the Federal Rules of Civil Procedure for insufficiency of process, insufficiency of service of process, and expiration of the statute of limitations. The motion must be denied. Service of process was timely and sufficient.

### I. FACTS

A claim for cargo damage against defendant, a Lebanese airline, is made by plaintiff, a United States consignor. Allegations that the cargo was delivered to the consignee in Saudi Arabia on March 10, 1983 are assumed to be true for the purpose of the motion. The parties agree that

the two-year statute of limitations expired on March 10, 1985.

The complaint was filed on February 27, 1985. Next day, February 28, 1985, plaintiff mailed a copy of the summons and complaint to defendant's Jamaica, New York address by first-class mail, postage prepaid, together with two copies of a notice and acknowledgment conforming substantially to Form 18–A of the Federal Rules of Civil Procedure and a return envelope, postage prepaid, addressed to plaintiff counsel. Process also was mailed to defendant's Beirut, Lebanon address. Defendant concedes that this mailing conformed to the requirements of Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure.

On March 7, 1985 plaintiff counsel received a copy of a letter dated March 5, 1985 addressed to defendant's attorneys. The letter was on defendant's letterhead and was signed "Betty Romeo, Claims/NY." It stated in part: "Enclosed will [sic] find the Summons that we at Trans Mediterranean Airways received on March 04, 1985." The Jamaica, New York address given for defendant was the same as that to which plaintiff mailed process. The copy was sent by defendant's claims clerk to plaintiff's counsel in the postage prepaid envelope the latter had enclosed in its mailing of process. Defendant, however, has never returned the acknowledgment form that was provided by plaintiff and its failure is relied upon to support its claim that plaintiff did not make proper service by mail.

Subsequently, the summons and complaint were physically delivered to defendant's representative on May 23, 1985 by a process server.

## II. LAW

Rule 4 of the Federal Rules of Civil Procedure governs service of process. It provides for the method of service by mail used by the plaintiff. In part it reads:

A summons and complaint may be served upon a defendant ... by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. *If no acknowledgment of service* under this subdivision of this rule *is received* by the sender within 20 days after the date of mailing, *service of such summons and complaint shall be made [by personal delivery].*

Fed.R.Civ.P. 4(c)(2)(C)(ii) (emphasis added).

Absent a showing of good cause, the person served pursuant to Rule 4(c)(2)(C)(ii) must pay the costs of followup personal delivery of process "if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons." Fed.R.Civ.P. 4(c)(2)(D). "The notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation." Fed.R.Civ.P. 4(c)(2)(E).

If service of process is not made within 120 days after filing of the complaint, absent a showing of good cause, the court must dismiss the action without prejudice. Fed.R.Civ.P. 4(j).

The Warsaw Convention, 49 Stat. 3000, T.S. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 1502 note, provides a two-year statute of limitations that runs from the date of arrival of the goods to the date the action is "brought," with local law supplying the method of calculation. It states:

(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.

Warsaw Convention ch. III, art. 29. Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." The

New York Civil Practice Law and Rules, on the other hand, provides that an action is commenced by service of a summons. N.Y.Civ.Prac.Law § 304 (McKinney 1972).

### III. APPLICATION OF LAW TO FACTS

Although defendant's motion papers assert a claim of insufficiency of process under Rule 12(b)(4) of the Federal Rules of Civil Procedure, no real issue exists about whether mailing of process met the requirements of Rule 4(c)(2)(C)(ii). Accordingly, two questions are presented: first, whether service of process was sufficient absent the return of the acknowledgment form; and second, whether the statute of limitations bars the lawsuit.

■ Service by mail under Rule 4(c)(2)(C)(ii) need not be acknowledged to be effective. *See Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984). Personal delivery of process, however, also must be made unless an *"acknowledgment of service* under this subdivision of this rule is received by the sender within 20 days after the date of mailing."* Fed.R.Civ.P. 4(c)(2)(C)(ii) (emphasis added).

■ Defendant does not deny the authenticity of the letter received by plaintiff counsel or that it did receive the summons and complaint as mailed by plaintiff. Instead, defendant contends that the copy of the letter its employee sent stating that papers were received was not an "acknowledgment of service" within the meaning of the Rule because it was not in exactly the form prescribed by the Rule. This contention must be rejected as inconsistent with the Rule and the policies of the Federal Rules of Civil Procedure. Accordingly, service under Rule 4(c)(2)(C)(ii) was perfected at least by the time plaintiff received defendant's letter acknowledging receipt of the summons and complaint—before the statute of limitations period expired. *See Morse v. Elmira Country Club*, 752 F.2d 35, 41 (2d Cir.1984) (service "effective where recipient received the mail").

■ Even if defendant's position on what constitutes a sufficient "acknowledg-

ment of service" were correct, other grounds for denial of defendant's motion to dismiss are independently dispositive. Under the holding in *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984)—which was not cited or discussed by either party—together with other well-settled principles of law, the lawsuit was timely brought and followup personal delivery of process was timely made. Either the filing of the complaint or the receipt of process by defendant tolled the statute of limitations. Followup personal delivery, if required by the Rule, was made within the 120-day period provided by Rule 4(j). *But cf. Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984) (no apparent requirement of personal delivery within 120 days to validate service).

### A. What Constitutes Acknowledgment of Service

On its face, the Rule does not require that the "acknowledgment of service" be the Form 18–A acknowledgment enclosed by plaintiff with the summons and complaint. The letter received by plaintiff is signed by one of defendant's employees, was forwarded to plaintiff's attorneys in the prepaid envelope provided for the purpose of acknowledging service, and specifically states the date on which the "Summons" was received. The letter thus is substantially equivalent to a signed Form 18–A acknowledgment form. It literally is an "acknowledgment of service."

The provisions of Rule 4(c)(2)(D)–(E) simply address the consequences of not returning the Form 18–A acknowledgment and the manner of its execution. They do not require that "acknowledgment of service" be read to include only the acknowledgment form.

Form 18–A itself is intended to be illustrative only and need not be slavishly followed. Although the forms provided in the Appendix of Forms of the Federal Rules of Civil Procedure "are sufficient under the rules," Fed.R.Civ.P. 84, it is clear that they need not be used in haec verba. The Intro-

ductory Statement to the Appendix of Forms explicitly states that the "forms are intended for illustration only." *See also* Fed.R.Civ.P. 84.

Rule 4(c)(2)(C)–(E), enacted by Congress in 1983, differs from the provision proposed by the United States Supreme Court. *See* Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. 97–462, § 2(2), 96 Stat. 2527, 2527–28 (1983); Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure, 96 F.R.D. 81 (1983) ("Service Under Amended Rule 4"). The legislative history does contain some discussion of Rule 4(c)(2)(C)(ii) that superficially appears to support defendant's position that the acknowledgment must be in the exact form prescribed. As Representative Edwards of the House Committee on the Judiciary put it:

Service [will] be by ordinary mail with a notice and acknowledgment of receipt form enclosed. *If the defendant returns the acknowledgment form* to the sender within 20 days of mailing, the sender files the return and service is complete. If the acknowledgment is not returned within 20 days of mailing, then service must be effected through some other means provided for in the Rules.

This system of mail service avoids the notice problems created by the registered and certified mail procedures proposed by the Supreme Court. If the proper person receives the notice and returns the acknowledgment, service is complete. If the proper person does not receive the mailed form, or *if the proper person* receives the notice but *fails to return the acknowledgment form,* another method of service authorized by law is required. In either instance, however, the defendant will receive actual notice of the claim.

128 Cong.Rec. H9848 (daily ed. Dec. 15, 1984) (statement by Rep. Edwards) (emphasis added), *reprinted in* Service Under Amended Rule 4, 96 F.R.D. at 119 *and in* 1982 U.S.Code Cong. & Ad.News 4434, at 4440. *See also id., reprinted in* 96 F.R.D.

at 121 *and in* 1982 U.S.Code Cong. & Ad. News at 4444.

The legislative history, however, nowhere states that service cannot be perfected under Rule 4(c)(2)(C)(ii) by defendant's acknowledgment of receipt of process in a writing substantially equivalent to the acknowledgment form suggested by the Rule. In addition, the commentary must be read in light of the purpose of the amendment to Rule 4 and the overall policy of the Federal Rules of Civil Procedure.

The Supreme Court proposed changing Rule 4 in order to make service of process easier. *See* Excerpt From the Report of the Judicial Conference Committee on Rules of Practice and Procedure, *reprinted in* H.R.Doc. No. 173, 97th Cong., 2d Sess., *and in* Service Under Amended Rule 4, 96 F.R.D. at 125; Advisory Committee Note, *reprinted in* H.R.Doc. No. 173, 97th Cong., 2d Sess., *and in* Service Under Amended Rule 4, 96 F.R.D. at 128. Congress adopted present Rule 4(c)(2)(C)(ii) because of a concern that the Court's proposed amendment would raise too many problems about actual notice to defendant. *See* H.R. Rep. No. 662, 97th Cong., 2d Sess. (accompanying H.R. 6663, a bill to delay effective date of proposed amendments to Rule 4), *reprinted in* Service Under Amended Rule 4, 96 F.R.D. at 133; 128 Cong.Rec. H9848 (daily ed. Dec. 15, 1984) (statement by Rep. Edwards), *reprinted in* Service Under Amended Rule 4, 96 F.R.D. at 118–19, 121, *and in* 1982 U.S.Code Cong. & Ad.News at 4439–40, 4444.

The modification by Congress thus was motivated by a concern that defendants be assured of receiving actual notice of the pendency of a lawsuit, not by a desire to impose rigid formalities to be followed strictly on pain of a finding of defective service. The Federal Rules of Civil Procedure are to be "construed to secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1. It does not serve any end of justice to penalize a plaintiff for failure to secure the "proper" talismanic piece of paper from defendant if a substantially equivalent writing has been

obtained that confirms that defendant received process. The magical words approach required by medieval proceduralists has long been rejected by the Benthams, Fields, Clarks and their successors who gave us our modern flexible merits-oriented practice.

Defendant here clearly acknowledged receipt of the summons and complaint through service under Rule 4(c)(2)(C)(ii). The "acknowledgment" received by plaintiff counsel was substantially equivalent to the Form 18–A acknowledgment. That being the case, the intent of Congress as well as the precise letter of the Rule are fulfilled. Service of process was perfected, before the statute of limitations ran.

■ Followup personal delivery of process, though made, was unnecessary. Defendant, however, was not relieved of its obligation to return the acknowledgment form or pay the cost of manual delivery if made. Fed.R.Civ.P. 4(c)(2)(D)–(E). A contrary holding would ignore the language of the Rule, eviscerate the incentive to return the acknowledgment form that Congress intended the Rule to provide, and require plaintiff either to take the risk that the document received would later be found insufficient or to incur the potentially unreimbursable cost of personal service.

### B. *Tolling of the Statute of Limitations*

Even if receipt of defendant's letter did not perfect service of process, defendant's motion still would have to be denied. Plaintiff took all the steps necessary to bring suit prior to the expiration of the limitations period. Followup personal delivery of process, if essential to the continued maintenance of the action, was timely made.

■ Both parties agree that the Warsaw Convention, 49 Stat. 3000, T.S. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 1502 note, applies to this case. The Warsaw Convention, an international treaty to which the United States is a signatory, is federal law and supersedes inconsistent state law. *See, e.g., Benjamins v. British European Airways*, 572 F.2d 913 (2d Cir. 1978), *cert. denied*, 439 U.S. 1114, 97 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Reed v. Wiser*, 555 F.2d 1079, 1090–92 (2d Cir.), *cert. denied*, 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed.2d 279 (1977). *Cf. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* — U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (importance of enforcing provisions of law dealing with international commerce).

Under the Convention, plaintiff's action must have been "brought" within two years of arrival of the shipment at its destination, that is, by March 10, 1985. Art. 29(1). Whether plaintiff took the necessary measures within that period to invoke the court's jurisdiction over the action is to be determined according to "the law of the court to which the case is submitted." Art. 29(2). *See, e.g., Kahn v. Trans World Airlines, Inc.,* 82 A.D.2d 696, 443 N.Y.S.2d 79, 87 (2d Dep't 1981). Here, regardless of whether federal or state law applies, this action must be deemed timely commenced.

Although the complaint asserts subject matter jurisdiction based solely on diversity of citizenship, plaintiff may have a federal law cause of action under the Warsaw Convention. *See Benjamins v. British European Airways*, 572 F.2d 913 (2d Cir.1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *see also, e.g., Irish National Insurance Co., Ltd. v. Aer Lingus Teoranta*, 739 F.2d 90 (2d Cir.1984); *Boehringer-Mannheim Diagnostics, Inc. v. Pan American World Airways*, 737 F.2d 456 (5th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 951, 83 L.Ed.2d 959 (1985); *Enayati v. Lufthansa German Airlines*, 714 F.2d 75 (9th Cir.1983). In federal question cases, federal courts generally determine whether the suit was timely brought by applying Rule 3 of the Federal Rules of Civil Procedure, which states that an action is "commenced" by filing the complaint. *See, e.g., Jordan v. United States*, 694 F.2d 833, 837 n. 7 (D.C.Cir. 1982); *Wells v. Portland*, 102 F.R.D. 796, 800 (D.Ore.1984); *cf. Baldwin County Welcome Center v. Brown*, 466 U.S. 147,

104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984) (Rule 3 determines when action commenced for purpose of meeting 90-day requirement of 42 U.S.C. § 2000e–5(f)(1)); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 1985 n. 11, 64 L.Ed.2d 659 (1980) (expressly declining to address the role of Rule 3 in federal question cases). Any federal law claim in this case would have been timely brought because the complaint was filed on February 27, 1985, before the statute of limitations expired.

■ A state law cause of action may be available, even if a federal claim exists under the Convention. *Compare Tokio Marine & Fire Insurance Co., Ltd. v. McDonnell Douglas Corp.*, 617 F.2d 936, 941–42 (2d Cir.1980) (federal cause of action not exclusive) *and In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400, 414 n. 25 (9th Cir.1983) (same) *with Boehringer-Mannheim Diagnostics, Inc. v. Pan American World Airways*, 737 F.2d 456, 458–60 (5th Cir.1984) (federal cause of action exclusive). In cases governed by state substantive law, state law normally supplies the applicable statute of limitations and determines what constitutes commencement of a civil action for statute of limitations purposes. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Here the statute of limitations is supplied by a treaty of the United States—federal law. It directs that the issue of whether suit has been timely "brought" be determined according to the "law" of the "court" in which suit has been filed. Arguably, a federal court should apply federal law as embodied in Rule 3. But the principles announced in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) may suggest that state law should govern the issue, whether by its own force or by incorporation by reference, if state substantive law claims are involved. *But cf. Kahn v. Trans World Airlines, Inc.*, 82 A.D.2d 696, 443 N.Y.S.2d 79, 87 (2d Dep't 1981) (suggesting that federal court would apply Rule 3 in any case "governed by the Warsaw Convention").

Assuming that state law does determine when suit based on state law claims is commenced, the result in this case is the same as if federal law were applied. A federal court in New York would apply the law that a New York state court would apply. Section 304 of the New York Civil Practice Law, which provides that an action is "commenced" by service of a summons, would govern. *Seguritan v. Northwest Airlines, Inc.*, 86 A.D.2d 658, 446 N.Y.S.2d 397, 399 (2d Dep't), *aff'd*, 57 N.Y.2d 767, 454 N.Y.S.2d 991, 440 N.E.2d 1339 (1982); *Kahn v. Trans World Airlines, Inc.*, 82 A.D.2d 696, 443 N.Y.S.2d 79, 87 (2d Dep't 1981).

Federal law, however, determines the proper method of effecting service. Plaintiff complied fully with Rule 4(c)(2)(C)(ii) on February 28, 1985, and defendant received process on March 4, 1985. Thus "all the necessary steps were complete ... prior to the statute of limitations deadline." *Morse v. Elmira Country Club*, 752 F.2d 35, 39 (2d Cir.1984). The Rule does not "void a received-but-unacknowledged mail service." *Id.* It calls only "for a *second* (personal) service should defendant ignore the rule by refusing to return the acknowledgment." *Id.* (emphasis in original). Proper mail service on a defendant who received the mail and thus actual notice is not rendered ineffective "simply because the defendant, without reason, acted like the dog in the manger." *Id.* at 40. Thus service of process under Rule 4(c)(2)(C)(ii) in this case was effective without return of the acknowledgment, and a state law cause of action would not be time-barred.

If process is not served within 120 days of filing of the complaint, absent good cause "the action shall be dismissed." Fed. R.Civ.P. 4(j). *See, e.g., Burks v. Griffith*, 100 F.R.D. 491 (N.D.N.Y.1984); *Sanders v. Marshall*, 100 F.R.D. 480 (W.D.Pa.1984). Under Rule 4(c)(2)(C)(ii), a plaintiff must follow up mail service with personal delivery of process if no acknowledgment is received. Whether failure to make hand delivery is grounds for dismissal under Rule 4(j) or merely a basis for refusal of a

default judgment is not clear. *Compare Morse v. Elmira Country Club*, 752 F.2d 35, 39 & n. 7, 40, 42 (2d Cir.1984) *with, e.g., Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087 (4th Cir.1984).

In this case personal delivery of process was unnecessary because defendant's letter was an acceptable acknowledgment of delivery. Even if receipt of the letter did not perfect delivery of process under Rule 4(c)(2)(C)(ii), plaintiff made personal delivery on May 23, 1985. Thus plaintiff would have met the requirements of Rule 4(j) if they were applicable. Moreover, a plaintiff who believed in good faith that service had been completed would appear to have a "good cause" defense to a Rule 4(j) dismissal. *See Federal Deposit Insurance Corp. v. Sims*, 100 F.R.D. 792, 797 (N.D.Ala. 1984); *Prather v. Raymond Construction Co.*, 570 F.Supp. 278, 281–82 (N.D.Ga.1983).

## IV. CONCLUSION

Defendant's motion to dismiss is denied on the ground that process was effective pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. No statute of limitations issue is presented.

Defendant shall pay plaintiff the cost of personal delivery of process. Fed.R.Civ.P. 4(c)(2)(D). The Clerk of the Court shall mail copies of this memorandum and order to the parties.

So ordered.