Raymond Q. BENAGE, C. Michael B. Davidson and JSB, Inc., Plaintiffs,

v.

GIBRALTER BUILDING & LOAN ASSN., INC., Gibralter Services Corp., Integrated Financial Software, Inc., Simon A. Hershon and Anton Vierling, Defendants.

Civ. No. B–85–593 (WWE).

United States District Court,
D. Connecticut.

Feb. 3, 1987.

Philip H. Bartels, Duel & Holland, Greenwich, Conn., for plaintiffs.

Robert L. Keepnews,¹ Michael B. Tashjian, Tyler, Cooper & Alcorn, Hartford, Conn., for defendant Simon A. Hershon.

## RULING ON MOTIONS TO DISMISS

EGINTON, District Judge.

Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5), defendant Simon Hershon has moved to dismiss plaintiffs' complaint on the grounds of lack of personal jurisdiction due to insufficiency of service of process. Plaintiffs Raymond Q. Benage, C. Michael B. Davidson and JSB, Inc. have cross-moved to dismiss with respect to defendants Gibralter Building & Loan Association, Inc., Gibralter Services Corporation, and Integrated Financial Software, Inc. because settlement has been effected among these parties.

### PROCEDURAL HISTORY

The original complaint was filed on November 1, 1985 and was amended twice. Plaintiffs claim to have mailed copies of the summons, original complaint, and a Fed.R. Civ.P. 4(c)(2)(C)(ii) acknowledgment on March 19, 1986; all defendants except Hershon and Vierling returned the acknowledgments. A second amended complaint was filed on April 15, 1986, and mailed to all defendants several days later along with two copies of the Notice and Acknowledgment for Service by Mail, dated March 19, 1986, which Notice carefully tracked Form 18–A language. The plaintiffs also included therein a copy of the summons as well as a postage prepaid, preaddressed, return envelope. All defendants except Hershon and Vierling duly signed and returned the Notice and Acknowledgment in late March, 1986. No other service of process was attempted for non-responding defendants, Hershon or Vierling.

Plaintiffs moved three times for a default against defendants Hershon and Vierling. The first two motions were denied since there was nothing on the docket sheet to indicate that Hershon or Vierling were ever served. The third, renewed motion was granted on July 30, 1986 and set aside shortly thereafter.

Defendant Hershon admits that he knows of the existence of this lawsuit, but maintains that this court lacks jurisdiction over him because mail service was never acknowledged nor was subsequent personal service made as provided for under Fed. R.Civ.P. 4(j).

In the interim between the filing of this lawsuit and the present time, plaintiffs have effected a settlement with all of the defendants who have been served, but not with defendants Hershon and Vierling. As a result of the settlement plaintiffs wish to dismiss this action with respect to all defendants except Hershon and Vierling.

For the reasons set forth below, the court denies defendant's motion to dismiss defendant Hershon. The court denies plaintiffs' motion to dismiss with respect to those defendants with whom settlement has been reached, since the plaintiffs may simply withdraw their complaint as against such defendants.

## DISCUSSION

The issue before this court is whether plaintiffs have borne their burden of establishing valid service of process under Rule 4.

In support of his motion defendant cites several decisions written before the February 26, 1983 effective date of the Amendment to Rule 4(c)(2)(C). *See, e.g., Gray v. Permanent Mission of the Congo,* 443 F.Supp. 816, 820–21 (S.D.N.Y.), *aff'd,* 580 F.2d 1044 (2d Cir.1978); *Martin v. N.Y. State Department of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir.1978) (*per curiam*) ("Absent a waiver, Rule 4 mandates that the defendant be served with the summons and complaint personally, or in accordance with one of several prescribed alternatives.

A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss under Rule 12(b)(2).").

The rationale for the 1983 amendment, however, is at odds with this interpretation. "The [Rule 4(c)(2)(C)(ii)] modification by Congress ... was motivated by a concern that defendants be assured of receiving actual notice of the pendency of a lawsuit, not by a desire to impose rigid formalities to be followed strictly on pain of a finding of defective service. The Federal Rules of Civil Procedure are to be 'construed to secure the just, speedy and inexpensive determination of every action.'" *Perkin Elmer v. Trans Mediterranean Airways, S.A.L.,* 107 F.R.D. 55, 59 (E.D.N.Y.1985).

In 1984 the Second Circuit changed its posture with respect to service of process after examining the 1983 Amendment and its legislative history. It held that even lacking strict compliance with Rule 4(c)(2)(C)(ii), service of process is effective where the recipient received the mail, thus affording actual notice to the defendant. The court stated that Rule 4(c)(2)(C)(ii) should not be read "to void a received-but-unacknowledged mail service, or to substitute the requirement of personal service in lieu of an acknowledged mail service ... Under the original version of the rule, effective service was complete upon the first mailing; all defendant needed to produce in order to obtain a default judgment was the returned envelope plus another mail delivery. When Congress changed the particulars of the initial mailing and substituted personal service as a follow-up, it gave no indication that it intended to change the prior view that mail service was effective where the recipient received the mail and accordingly obtained actual notice." *Morse v. Elmira Country Club,* 752 F.2d 35, 39, 41 (2d Cir.1984). This court agrees that justice and equity favor a finding of effective service where the defendant actually receives the mail service, but refuses to acknowledge it.

Defendant attempts to distinguish the *Morse* interpretation of Rule 4 in two ways. He tries to limit *Morse* to diversity cases in which there are equity considerations due to a statute of limitations problem. Secondly, he maintains that *Morse* does not modify or overrule the 4th Circuit interpretation in *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087 (4th Cir.1984), that personal service is required where the plaintiff does not receive the executed acknowledgment for whatever reason. The short answer to defendant's second argument is that the Second Circuit in *Morse* specifically rejected *Armco. Morse*, 752 F.2d at 40. Moreover, in a related context, the Second Circuit has continued to apply its liberal construction to effecting service by mail if the defendant receives actual notice. *See, e.g., Ackermann v. Levine*, 788 F.2d 830, 840 (2d Cir.1986) ("due process permits service of process by mail so long as such service provides 'notice reasonably calculated ... to provide interested parties notice of the pendency of the action' " [citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)]). Moreover, a liberal interpretation of Rule 4(c)(2)(C)(ii) has been repeatedly followed by the district courts of this Circuit. *See, e.g., Deshmukh v. Cook*, 630 F.Supp. 956, 958–59 (S.D.N.Y.1986); *United States v. Union Indemnity Insurance Co. of New York*, 109 F.R.D. 153, 155–56 (E.D.N.Y.1986).

In the case before us no hearing will be necessary to determine whether the mailed complaint was received because the defendant has admitted actual knowledge of the instant lawsuit. Since the plaintiffs can satisfy the *Morse* standard of actual knowledge, the court finds that valid service has been made, and *in personam jurisdiction* attaches.

The court hereby DENIES defendant's motion to dismiss defendant Hershon, and DENIES plaintiffs' motion to dismiss all defendants except Hershon and Vierling. SO ORDERED.