Carl **ERICKSON**, Plaintiff,

v.

The **NILES COMPANY, INC.,**
Defendant.

No. 87–1279–S.

United States District Court,
D. Massachusetts.

Dec. 28, 1988.

Carl Erickson, Boston, Mass., pro se.

Douglas Mansfield, Casner, Edwards & Roseman, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER ON THE DEFENDANT'S MOTION TO SET ASIDE DEFAULT

SKINNER, District Judge.

In this action alleging racial discrimination in employment the plaintiff, *pro se*, attempted service on the defendant by mailing a copy of the complaint, the summons and Form 18A to the defendant by certified mail, return receipt requested. This mailing was addressed to the defendant's former address, which was no longer a correct address. It was nevertheless forwarded to the defendant at the defendant's new address, an employee of the defendant signed the certified mail receipt and the receipt was returned to the plaintiff. The defendant never executed or returned Form 18A as provided in Fed.R.Civ.P. 4(c)(2)(C)(ii), and the plaintiff never took the steps to secure alternate service required by the cited rule. The defendant never filed an answer to the complaint.

After the passage of several months, the plaintiff filed an affidavit of service by mail, enclosing the certified mail receipt, and requested the entry of a default. A default was entered in due course by the clerk and the case scheduled for hearing on assessment of damages. The defendant now moves for removal of the default on the ground that there was never proper service in accordance with Fed.R.Civ.P. 4.

In its moving papers the defendant admits that it received the complaint, the summons and Form 18A, and that it forwarded them all to its insurance company, which apparently ignored them.

In my opinion this case is controlled by *Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984) and *Lee v. Carlson,* 645 F.Supp. 1430 (S.D.N.Y.1986) *aff'd* 812 F.2d 712 (2d Cir.1987). These cases hold that failure to comply with the requirements of Fed.R.Civ.P. 4(c)(2)(C)(ii) does not vitiate service where the defendant concedes that it received the complaint and summons. The provisions of the rule calling for the return of Form 18A and for alternative means of service if the defendant does not return Form 18A are for the purpose of establishing proof of service. Failure to comply with these provisions is cured by an admission that in fact the complaint and the summons were received. That is clearly the case here.

Accordingly the defendant's Motion to Set Aside Default is denied.