John M. LEGER, Patricia Ann Leger, Jeremy Scott Leger, PPA et al. and Eric Hendron Leger PPA et al.

v.

Serge Gules DESSUREAULT.

Civ. A. No. 89–188.

United States District Court, D. Vermont.

March 15, 1990.

Leonard N. Mancuso and Joseph Provanzano, Medford, Mass., and John C. Swanson, Burlington, Vt., for plaintiffs.

John T. Sartore and Michael J. Harris, Paul, Frank & Collins, Inc., Burlington, Vt., for defendant.

COFFRIN, District Judge.

This is a diversity suit arising out of an automobile-motorcycle collision occurring

on Interstate 91 in Rockingham, Vermont. On October 31, 1989, this court granted Defendant's motion to dismiss in the absence of any opposition by Plaintiffs. However, on March 7, 1990, Plaintiffs' motion to reconsider Defendant's motion to dismiss was granted. For the reasons that follow, Defendant's motion to dismiss is denied upon reconsideration.

## BACKGROUND

On June 29, 1986, Plaintiff John M. Leger ("Plaintiff") was operating a motorcycle northbound on Interstate 91 in Rockingham, Vermont. Defendant Serge Gules Dessureault ("Defendant") was operating an automobile, northbound as well. This claim arises out of a collision that occurred between Plaintiff and Defendant. Plaintiff was then a resident of Vermont and is now a resident of Connecticut. Defendant is a resident of Quebec, Canada.[1]

On June 29, 1989, Plaintiff filed his complaint on the last day before the applicable three-year statute of limitations ran. 12 V.S.A. § 512(4). While Plaintiff attempted to serve process on the Defendant by first-class mail, Defendant never returned the acknowledgment form that was mailed to him. Plaintiff made no further efforts to serve process on Defendant. On August 7, 1989, Defendant moved for dismissal of the suit through his attorneys. Defendant's Memorandum of Law in Support of Motion to Dismiss referred specifically to the contents of Plaintiff's complaint. In his motion, Defendant argued that this Court lacks subject-matter jurisdiction over the instant case, as well as personal jurisdiction due to alleged ineffective service of process.

## DISCUSSION

Personal jurisdiction can attach in the instant case only by means of Vermont's long-arm statute. 12 V.S.A. § 913(b); V.R. C.P. 4(e). Therefore, to be effective, service of process would have to comply with Vermont law in the instant case since (1) Defendant is not an inhabitant of Vermont, and (2) federal law itself does not provide for service of process on out-of-state parties in a diversity suit. See Fed.R.Civ.P. 4(e, f); Poulos v. Wilson, 116 F.R.D. 326, 328 n. 1 (D.Vt.1987).

It is clearly the law in the Second Circuit that Fed.R.Civ.P. 4(c)(2)(C)(ii), providing for first-class mail service, should not "be read to void a received-but-unacknowledged mail service...." Morse v. Elmira Country Club, 752 F.2d 35, 39 (2d Cir.1984). However, Defendant argues that differences in the language of Fed.R.Civ.P. 4(c)(2)(C)(ii) and V.R.C.P. 4(l) render received-but-unacknowledged mail service void under Vermont law. For the following reasons, we disagree.

At the outset, we note that this is a case of first impression concerning an aspect of Vermont law the Vermont Supreme Court has not yet addressed.[2] Furthermore, we are mindful that the language in V.R.C.P. 4(l), while similar, is not identical to that in Fed.R.Civ.P. 4(c)(2)(C)(ii). Nonetheless, we think it helpful to refer to the Second Circuit's analysis of the federal rule before examining the Vermont rule. See Reporter's Notes, V.R.C.P. 1 ("[f]ederal cases interpreting the Federal Rules are an authoritative source for the interpretation of identical provisions of the Vermont Rules").

Under the federal rules, a summons and complaint may be served

> by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender.

1. Plaintiff's allegations in his complaint concerning the *residency* of the parties is technically insufficient to establish diversity of citizenship for jurisdictional purposes, which instead depends on where the parties are *domiciled*. *See generally* 1 J. Moore, *Moore's Federal Practice,* ¶ 0.74[3.–2]. However, since Defendant has not disputed that the parties' respective residences are in fact their domiciles as well, we grant Plaintiff leave to file a curative amendment to his complaint.

2. V.R.C.P. 4(l) became effective on July 1, 1987.

Fed.R.Civ.P. 4(c)(2)(C)(ii). If the acknowledgment is not returned within twenty days of the mailing, "service of such summons and complaint shall be made [in person]...." *Id.* Absent good cause shown, the party being served is liable for any additional costs due to personal service. Fed.R.Civ.P. 4(c)(2)(D). The returned acknowledgment form is to be filed with the court as proof of service. However, "[f]ailure to make proof of service does not affect the validity of the service." Fed.R.Civ.P. 4(g).

In *Morse,* the Second Circuit examined the relationship between the various components of Fed.R.Civ.P. 4 and concluded that, if the summons and complaint were received by the defendant, and if he consequently had actual notice of the action being commenced against him, then the received-but-unacknowledged service was effective. The court's reasoning was based in part upon a functional interpretation of Rule 4. The court viewed the return of the acknowledgment form as primarily an evidentiary tool for proving that service was effectively completed, as opposed to a prerequisite of effective service:

> [Rule 4(c)(2)(C)(ii) ] calls, not for personal service as a completion of or substitution for the mailed service, but for a *second* (personal) service should defendant ignore the rule by refusing to return the acknowledgment. It may well be that, under the literal terms of Rule 4(g), plaintiff could not make *proof* of service without the subsequent personal service. However, service may be effective without a return.

752 F.2d at 39–40 (emphasis in original).

In *Morse,* the defendant failed to return the acknowledgment form. Since the statute of limitations had run between the time service was mailed and the end of the twenty-day return period, the defendant claimed that dismissal of the case was proper. In finding that the received-but-unacknowledged mail service was effective, the Second Circuit was also swayed by the equitable considerations involved:

> Above all, strong factors of justice and equity push toward reading Rule 4(c) as providing for effective mail service where, as here, the recipient actually receives the mail service but refuses to acknowledge it properly.... Certainly, the desire to harass or inconvenience plaintiff, or to delay the tolling of limitations, should not be an excuse or a reason to interpret the rule against plaintiff. There is, in other words, no rationale for allowing a properly served defendant deliberately and willfully to postpone the ending of limitations by simply refusing to do what the rule calls upon him to do.

*Id.* at 40. *Morse* has since been consistently applied by the district courts in the Second Circuit. *See, e.g., Benage v. Gibralter Bldg. & Loan Ass'n, Inc.,* 115 F.R.D. 20 (D.Conn.1987); *Deshmukh v. Cook,* 630 F.Supp. 956 (S.D.N.Y.1986); *Perkin Elmer v. Trans Mediterranean Airways, S.A.L.,* 107 F.R.D. 55 (E.D.N.Y.1985).

■ We do not dispute that "[t]he position taken by the Second Circuit [regarding received-but-unacknowledged mail service under the federal rules] has been rejected by the vast majority of courts." *Whisman v. Robbins,* 712 F.Supp. 632, 635 (S.D.Ohio 1988). *See, e.g., Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53 (3d Cir.1986); *Combs v. Nick Garin Trucking,* 825 F.2d 437 (D.C.Cir.1987); *Scarton v. Charles,* 115 F.R.D. 567 (E.D.Mich.1987); *Coldwell Banker & Co. v. Eyde,* 661 F.Supp. 657 (N.D.Ill.1986). Therefore, since we must interpret the *Vermont* Rules of Civil Procedure in the instant case, it is necessary for us to decide whether we are persuaded by the Second Circuit's non-binding reasoning and are willing to apply it to the analogous provisions of V.R.C.P. 4(*l* ). After examining the policies underlying the provisions of the Vermont Rules of Civil Procedure in general, and Rule 4(*l*) in particular, we conclude that the Second Circuit's reasoning is equally compelling with regard to the Vermont rule.

V.R.C.P. 1 declares that the Vermont Rules of Civil Procedure are to "be construed to secure the just, speedy, and inexpensive determination of every action."

The Reporter's Notes highlight the importance of this sentence:

> [T]he rules themselves admonish the courts to administer them flexibly in the interests of doing justice. Thus, the final sentence of Rule 1 is of great importance because it establishes a canon of liberal construction for all of the rules.

Therefore, our foremost objective whenever we interpret the Vermont Rules of Civil Procedure must be to do justice.

The primary impetus behind the adoption of first-class mail service was the creation of a less burdensome method for service of process. *See* 128 Cong.Rec. H9848 (Dec. 15, 1982) (statement of Rep. Edwards), *reprinted in* 1982 U.S.Code Cong. & Admin. News 4434. However, first-class mail service, by its nature, lacks some of the evidentiary safeguards associated with personal service. Accordingly, Rule 4 also includes provisions directed toward proving that the summons and complaint were in fact received. The returned, signed acknowledgment form required by both the Vermont and federal rule performs the same evidentiary function as a marshal's affidavit—i.e., it establishes that the individual being served has *in truth* been served with process.

V.R.C.P. 4(*l*) differs from Fed.R.Civ.P. 4(c)(2)(C)(ii) in one respect relevant to the case at bar—V.R.C.P. 4(*l*)(3) explicitly states: "Service is *complete* under this rule when the acknowledgment is signed and dated...." (Emphasis added.) *See also* Form 1B, V.R.C.P. Appendix of Forms (Notice and Acknowledgment of Service by Mail). Defendant contends that V.R.C.P. 4(*l*)(3) underscores that a signed and dated acknowledgment form is a necessary element of effective first-class mail service. However, the Reporter's Notes serve to highlight the evidentiary purposes behind V.R.C.P. 4(*l*)(3). Unlike the federal rule, the Vermont rule requires that the acknowledgment form be dated as well as signed. The Reporter's Notes indicate that the dating is intended to show "when service was made," not when it was effective. Reporter's Notes, V.R.C.P. 4.

Our interpretation of the purposes underlying V.R.C.P. 4(*l*) is buttressed by the non-mandatory language employed in the Reporter's Notes. For example, the Reporter's Notes observe that "the acknowledgment is effective whenever it is executed. However, after 20 days, the plaintiff *can* use another service method...." Reporter's Notes, V.R.C.P. 4. The Reporter's Notes further state: "A diligent plaintiff will ensure that the acknowledgment is signed and dated before relying on it." *Id.*

A number of federal courts have engaged in a functional, as opposed to hypertechnical, interpretation of Rule 4 and recognized the evidentiary purposes behind requiring the return of an acknowledgment form under the federal rules. In *Federal Deposit Ins. Corp. v. Mount Vernon Ranch, Inc.,* 118 F.R.D. 496 (W.D.Mo. 1988), the court wrote: "[P]rimary emphasis should be placed on determining that the defendant receives actual notice that a suit has been filed against him. In addition, the rule should be construed to avoid excess technicalities." *Id.* at 499. In *Erickson v. Niles Co., Inc.,* 123 F.R.D. 2 (D.Mass.1988), the court stated:

> [F]ailure to comply with the requirements of Fed.R.Civ.P. 4(c)(2)(C)(ii) does not vitiate service where the defendant concedes that it received the complaint and summons. The provisions of the rule calling for the return of Form 18A and for alternative means of service if the defendant does not return Form 18A are for the purpose of establishing proof of service. Failure to comply with these provisions is cured by an admission that in fact the complaint and summons were received.

*Id.* at 3. *See also United States v. Nuttall,* 122 F.R.D. 163, 166 n. 4 (D.Del.1988) ("[w]here a defendant in fact has actual notice of a lawsuit, it is reasonable to conclude that the purpose of Rule 4 has been achieved, and that rigid adherence to every detail of Rule 4 is unnecessary").

Hence, while service by first-class mail under the Vermont rules may not be "complete" until the acknowledgment form is signed, dated, and returned, under certain

limited circumstances received-but-unacknowledged mail service may still be *effective.* We need not specifically define the parameters of these limited circumstances for the purposes of the instant case. However, when documentary materials filed with the court demonstrate that the party claiming ineffective service of process has actual notice of the existence and substance of the suit filed against him, we find that the received-but-unacknowledged mail service is effective under V.R.C.P. 4(*l*).

The primary objections to the Second Circuit's reasoning in *Morse* have been based upon the plain language of Rule 4 and concerns regarding factual disputes that revolve around whether a party has "actual notice." *See, e.g., Scarton,* 115 F.R.D. at 569. As we noted above, while service by first-class mail may not be "complete" unless the acknowledgment form is returned, it may nonetheless be effective under certain limited circumstances without contradicting the language of V.R.C.P. 4(*l*). The evidentiary concerns are potentially more problematic, however.

We agree that engaging in factual inquiries regarding actual notice any time an acknowledgment form is not returned would frustrate both the spirit and letter of Rule 4. That is why we restrict our holding today to certain limited circumstances —namely, when documentary materials filed with the court demonstrate that the party claiming ineffectiveness of service had actual notice of both the existence and substance of the lawsuit. Under those circumstances, no factual dispute exists since the documentary materials serve as the functional equivalent of a properly returned acknowledgment form.

Courts applying the *Morse* rule have generally done so when there is no dispute that the party claiming ineffective service did in fact receive the complaint and summons, but voluntarily refused to return the acknowledgment form. Courts are then willing to consider other items of proof as evidentiary surrogates for the acknowledgment form which *should* have been returned but was not. In fact, one court has found a motion to dismiss filed by the party claiming ineffective service to satisfy the requirements of Rule 4 under *Morse. Gilliam v. Quinlan,* 608 F.Supp. 823, 829 n. 3 (S.D.N.Y.1985) ("[t]he goal of Rule 4 ... is to ensure actual notice, which defendants have plainly received, as evidenced by their motion to dismiss"). *See also Lee v. Carlson,* 645 F.Supp. 1430, 1432 (S.D.N.Y.1986), *aff'd,* 812 F.2d 712 (2d Cir.1987) ("[t]he defect can be cured by an admission, or other proof, that in fact the summons and complaint were received"); *Perkin Elmer,* 107 F.R.D. at 59 (letter sent by party that indicated the summons and complaint were actually received was a "substantially equivalent writing" and thus satisfied Rule 4).

We find that, in the circumstances of the case at bar, where Defendant filed a motion to dismiss and memorandum of law referring specifically to Plaintiff's complaint, there can be no dispute that Defendant did in truth receive actual notice of the lawsuit. Therefore, service of process was effective upon the filing of Defendant's motion. Certainly, Plaintiff would have been well-advised when the acknowledgment form was not returned to follow up with personal service on Defendant, but that should not permit Defendant to hide behind procedural technicalities, and thus avoid the substance of Rule 4.

Plaintiff properly gave Defendant notice of the lawsuit commenced against him. Furthermore, there is no dispute that Defendant is fully aware of the lawsuit's existence. Therefore, Plaintiff's action should proceed, and either succeed or fail, on its *merits.* To find otherwise would be to revere form at the expense of substance.[3]

---

**3.** We concur with Judge Weinstein's admonition in *Perkin Elmer,* where he observed:

The modification by Congress [permitting first-class mail service and requiring the return of an acknowledgment form] ... was motivated by a concern that defendants be assured of receiving actual notice of the pendency of a lawsuit, not by a desire to impose rigid formalities to be followed strictly on pain of a finding of defective service.... It does not serve any end of justice to penalize a plaintiff for failure to secure the "proper"

## CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss is denied upon reconsideration.

talismanic piece of paper from defendant if a substantially equivalent writing has been obtained that confirms that defendant received process. The magical words approach required by medieval proceduralists has long been rejected by the Benthams, Fields, Clarks and their successors who gave us our modern flexible merits-oriented practice. *Perkin Elmer,* 107 F.R.D. at 59–60.