**Deanna L. BROUGHTON, Plaintiff,**

v.

**CHRYSLER CORPORATION d/b/a Dodge Division of Chrysler Corporation, Defendant.**

**No. 92–CV–10S.**

United States District Court, W.D. New York.

Sept. 23, 1992.

Pecora, Duke & Babcox, Bradford, Pa. for plaintiff (Charles J. Duke, of counsel).

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y. for defendant (Kevin A. Szanyi, of counsel).

## DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

## JURISDICTION

The parties executed a consent to proceed before the Magistrate Judge on Defendant's motion to dismiss on May 27, 1992. The matter is presently before the court on Defendant's motion to dismiss, dated April 2, 1992, pursuant to Fed. R.Civ.P. 12(b)(4).

## BACKGROUND

Plaintiff filed her complaint in this diversity action on January 6, 1992. An amended complaint was subsequently filed on February 6, 1992. Plaintiff's action arises out of an automobile accident which took place on January 6, 1989. Plaintiff has alleged causes of action for negligence, breach of implied warranty, and strict products liability.

Defendant filed its original answer to the complaint on January 27, 1992, raising, among its affirmative defenses, that Plaintiff had failed to acquire jurisdiction over Defendant as service of process was improper and as the summons in the action was not issued by the Clerk of the Court. On February 24, 1992, Defendant filed an amended answer to the amended complaint, raising the same affirmative defenses. Also, on February 24, 1992, Defendant filed its pretrial conference memorandum, as requested by this court prior to the conference, and stated that it intended to move to dismiss the complaint based on improper service of process and statute of limitations grounds. Counsel for the parties attended a scheduling conference with the court on March 5, 1992, whereby a scheduling Order was entered which specifically stated that, "Defendant's participation in this instant scheduling conference and discovery is without prejudice to its motion to dismiss." See, Scheduling Order, paragraph 1, dated March 10, 1992.

On April 2, 1992, Defendant filed a motion to dismiss the action on the ground that service of process was improper and that Plaintiff's claims were now barred by the applicable statutes of limitation. Plaintiff filed a memorandum in opposition on April 16, 1992. Oral argument on the matter was heard by this court on May 28, 1992.

For the reasons as stated below, Defendant's motion to dismiss the complaint in this action is GRANTED.

## FACTS

Plaintiff, Deanna Broughton, purchased a used 1980 Dodge Omni in July, 1988.[1] On January 6, 1989, Plaintiff, while driving the 1980 Dodge Omni in Allegany County, New York, was involved in an automobile accident whereby the "D-ring" attached to the drivers seat allegedly pulled out of the seat. Plaintiff claims that this defect in the "D-ring" caused her seatbelt to be released, resulting in her being thrown about the interior of the vehicle, which caused her serious personal injuries.

Plaintiff filed her complaint against Defendant with the court on January 6, 1992, having mailed her complaint and an uncompleted summons to Defendant on January 3, 1992. On January 6, 1992, with the completed summons issued by the Clerk of the Court, Plaintiff mailed the summons and complaint, with two copies of a Notice and Acknowledgement, to Defendant, specifically addressed to Mr. Lee Iacocca, Chairman, Chrysler Corporation, 1200 Chrysler Avenue, Highland Park, MI 48023. Plaintiff also had a copy of the summons and complaint, addressed to Mr. Lee Iacocca, Chairman, Chrysler Corporation, delivered to Defendant by Federal Express, a private delivery service, on January 8, 1992. The Federal Express package was received and signed for by Joanne

---

**1.** The source for the fact statement is the Plaintiff's amended complaint, dated February 6, 1992.

Kostoff, a stock person employed by Chrysler Corporation in Michigan. See, Affidavit of Alan Wojtas, Supervisor, Chrysler Corporation, dated April 23, 1992. Defendant never returned the Notice and Acknowledgment attached to the summons and complaint. See, Defendant's Memorandum of Law at page 9, dated April 2, 1992. A review of the Clerk's file in this action reveals that proof of personal service on Defendant, accepted by a legal assistant employed by Defendant on April 14, 1992, was filed with the court on May 11, 1992.

## DISCUSSION

■ Under the provisions of the Fourteenth Amendment that no state shall deprive any person of life, liberty, or property without "due process of law", due process requires that any deprivation of life, liberty, or property by adjudication be preceded by notice and an opportunity for a hearing appropriate to the nature of the case. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). A fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated under all of the circumstances to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. *Mullane, supra,* at 314, 70 S.Ct. at 657. The notice must be of such nature that it reasonably conveys the required information, and it must afford a reasonable time for those interested to make their appearance. *Mullane, supra,* at 314, 70 S.Ct. at 657. If, with due regard for the practicalities and peculiarities of the case, those conditions are reasonably met, these constitutional requirements are satisfied. *Mullane, supra,* at 314–315, 70 S.Ct. at 657.

■ While the legal preconditions to extending the jurisdiction of any court may be potentially waived, (see, *Datskow v. Teledyne, Inc.*, 899 F.2d 1298 (2d Cir.1990)), it is fundamental that only compliance with preconditions to the exercise of personal jurisdiction, established by statute or appropriate court rules, can result in any acquisition of such jurisdiction consistent with due process requirements. See, *Mullane, supra.* See also, *New York State National Organization for Women v. Terry*, 961 F.2d 390, 400 (2d Cir.1992) (quoting, *FDIC v. Schaffer*, 731 F.2d 1134, 1136 (4th Cir.1984)) ("service of process must comply not only with constitutional requirements, but also with the provisions of the state statute."), *petition for cert. filed,* 61 U.S.L.W. 3150 (U.S. Aug. 11, 1992) (No. 92–282). Accordingly, notice of a suit received by means other than those authorized by statute or rule cannot serve to bring a defendant within the jurisdiction of the court. *National Development Co. v. Triad Holding Co.*, 131 F.R.D. 408 (S.D.N.Y.1990), *aff'd,* 930 F.2d 253 (2d Cir. 1991), *cert. denied,* — U.S. —, 112 S.Ct. 440, 116 L.Ed.2d 459 (1991); *Feinstein v. Bergner*, 48 N.Y.2d 234, 422 N.Y.S.2d 356, 359, 397 N.E.2d 1161, 1164 (1979). That a defendant received actual notice of a pending suit does not cure a service defect. *Feinstein, supra,* 422 N.Y.S.2d at 359, 397 N.E.2d at 1164. "Actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service." *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1548 (2d Cir.1992) (quoting, *Markoff v. South Nassau Community Hospital*, 61 N.Y.2d 283, 473 N.Y.S.2d 766, 768, 461 N.E.2d 1253, 1255 (1984)).

Rule 4(b) of the Federal Rules of Civil Procedure requires that a summons be issued by the Clerk of the Court. Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure provides that a summons and complaint may be served upon a defendant by mailing a copy of the summons and complaint by first class mail to the person to be served, together with two copies of a notice and acknowledgement. If the acknowledgement is not received by the sender within twenty days after the date of mailing, personal service of the summons and complaint shall be made. Fed.R.Civ.P. 4(c)(2)(C)(ii). The summons and complaint may be served anywhere within the territorial limits of the state in which the district court sits, unless otherwise authorized.

Fed.R.Civ.P. 4(f). For service of a summons and complaint upon a party not found within the state, unless otherwise authorized by federal statute, service may be made pursuant to the statute or rule of the court of the state in which the district court sits. Fed.R.Civ.P. 4(e).

Under Section 312–a of New York's Civil Practice Law and Rules ("CPLR"), personal service by mail is an authorized form of service. As under the federal rules, an acknowledgment of receipt must accompany the summons and complaint. N.Y. CPLR 312–a(a). Service is deemed complete "on the date the signed acknowledgement of receipt is mailed or delivered to the sender." N.Y. CPLR 312–a(b).

■ Under both the federal and state rules, service upon a corporation must be made by delivering the summons and complaint to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. Fed.R.Civ.P. 4(d)(3); N.Y. CPLR 311(1). Under the New York statutory scheme in existence at the relevant times pertinent to the issues raised on Defendant's motion, proper service upon a defendant is the point at which an action is deemed commenced within the applicable period of limitation. See, *Markoff, supra,* 473 N.Y.S.2d at 768, 461 N.E.2d at 1255. If service, although in compliance with the service requirements under the CPLR, occurs beyond the statute of limitations period, the action is time barred and will be dismissed upon a defendant's motion. See, *Markoff, supra,* 473 N.Y.S.2d at 768–69, 461 N.E.2d at 1255–56.

Plaintiff filed the complaint with the Clerk of the Court and served process by mail on Defendant on January 6, 1992. It is undisputed that the notice and acknowledgement accompanying the summons and complaint was not returned to Plaintiff. Plaintiff's additional service by Federal Express was accepted and signed for by a mail room employee of Defendant on January 8, 1992. Any notice and acknowledgement contained in the Federal Express delivery was also not returned. Actual personal service was not made on Defendant until April 14, 1992.

Defendant argues that improper service of process was made and that, subsequent to the improper service, the statute of limitations on Plaintiff's causes of action expired, and that, therefore, the action should be dismissed. Plaintiff contends that Defendant actually received the summons and complaint within sixty (60) days of January 6, 1992, the date the three year period of limitations for the negligence and strict products liability causes of action expired, as evidenced by their answer filed on January 27, 1992. The court notes that the New York statute provides for a sixty day tolling provision under N.Y. CPLR 203(b)(5)(i) if the summons and complaint are timely filed with the court. Additionally, Plaintiff maintains that, even if the court finds that service of process was improper, Defendant "can not deny the fact that it received notice of the Complaint within the statutory period and that it participated in the lawsuit by filing an Answer, an Amended Answer and participating in a pretrial conference." See, Plaintiff's Memorandum of Law, dated April 16, 1992.

I. *Service of Process*

■ Federal law does not provide for service of process on out-of-state parties in a diversity suit as the district court is bound by the requirements for such service established by the state in which its sits. See, *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Buggs v. Ehrnschwender,* 968 F.2d 1544, 1546 (2d Cir.1992) (Rule 4(f) limits service under the federal rules to persons found within the state in which the district court sits); *Davis v. Musler,* 713 F.2d 907, 913 (2d Cir.1983) (federal service rules apply only when a complaint is served within the territorial limits of the state in which the district court where the action is pending sits); *Leger v. Dessureault,* 733 F.Supp. 786, 787 (D.Vt.1990) (federal law does not provide for service of process on out-of-state parties in a diversity suit).

■ Defendant in this case is an out-of-state corporation, and therefore, pursuant to Fed.R.Civ.P. 4(f), the federal service of process rules do not apply, but, rather, the laws of New York, where this district court

sits, apply. Fed.R.Civ.P. 4(e); *Olympus Corporation v. Dealer Sales & Service, Inc.*, 107 F.R.D. 300, 304 (1985). See also, *Leger, supra,* at 787. As discussed above, since 1990, New York also allows for service by mail upon non-resident corporations. N.Y. CPLR 312–a (McKinney 1990). Unlike the Second Circuit, New York requires that the acknowledgement of receipt be returned to the sender for service of process to be complete, regardless of actual receipt.[2] N.Y. CPLR 312–a(b) (McKinney 1990); *Darvoe v. Town of Trenton,* 785 F.Supp. 305, 308 n. 2 (N.D.N.Y.1992); *Shenko Electric, Inc. v. Hartnett,* 161 A.D.2d 1212, 558 N.Y.S.2d 859, 859 (App. Div. 4th Dep't.1990) ("service is complete only when the acknowledgement of receipt . . . is mailed or returned to the sender."). As it is not disputed that Defendant never returned the acknowledgement to Plaintiff, under New York law, service of process was improper and the action was not properly commenced within the limitations period which expired on January 6, 1992. Plaintiff's personal service on Defendant on April 14, 1992 was well beyond March 6, 1992, the expiration date which includes the sixty day tolling period of the limitations period allowed by N.Y. CPLR 203(b)(5)(i).

■ As for Plaintiff's attempted service by Federal Express, the court notes that New York law does not expressly authorize service of process by an express delivery service such as Federal Express. See, *Olympus Corporation, supra,* at 305. Even if private express mail delivery was authorized under New York law, however, Plaintiff's express delivery was accepted by a mail room employee who was not a person authorized to accept service of process on a defendant corporation pursuant to N.Y. CPLR 311(1). Therefore, the attempted service by Federal Express was also improper.

## II. *Waiver of Defective Service*

■ In the alternative, Plaintiff argues that, even if service of process was improper, Defendant had actual notice of the lawsuit and, as such, participated in the action by filing an answer, an amended answer, and taking part in a pretrial scheduling conference with the undersigned, the magistrate judge assigned to the case, thereby waiving objection to insufficient service by making a general appearance in the action. In support of this argument, Plaintiff relies on *Datskow v. Teledyne, Inc.,* 899 F.2d 1298 (2d Cir.1990) and *Federal Home Loan Mortgage Corporation v. Dutch Lane Associates,* 775 F.Supp. 133 (S.D.N.Y.1991).

In *Datskow,* plaintiffs served defendant by mail, which, although the mailing provided actual notice to the defendant, did not constitute proper service on defendant as the defendant was an out-of-state party not subject to Fed.R.Civ.P. 4(c)(2)(C)(ii), and, at the time of the mailing of the summons and complaint, New York did not have a statute authorizing out-of-state service by mail. The court held, however, that the defendant's conduct barred it from complaining about the defective form of service. *Datskow, supra,* at 1303. The defendant had filed an answer and participated in scheduling discovery and motion practice. The defendant, during these pro-

---

**2.** In *Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984), the court held that, in a federal diversity action in New York where plaintiff served defendant, a New York resident, by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) and defendant never returned the acknowledgement to Plaintiff, service of process was proper. The court stated that failure to return the acknowledgement form did not make the service of process ineffective. *Morse, supra.* The court based its holding on the policy that "strong factors of justice and equity push toward, reading [federal] Rule 4(c) as providing for effective mail service where, as here, the recipient actually receives the mail service but refuses to acknowledge it properly." *Morse, supra,* at 40. While this result has been strongly criticized by other circuits, (see, *Media Duplication Services, Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1233 (1st Cir.1991); *McDonald v. United States,* 898 F.2d 466, 468 (5th Cir.1990); *Gulley v. Mayo Foundation,* 886 F.2d 161, 165 (8th Cir.1989); *S.J. Groves & Sons Co. v. J.A. Montgomery, Inc.,* 866 F.2d 101, 102 (4th Cir.1989); *Green v. Humphrey Elevator & Truck Co.,* 816 F.2d 877, 879–93 (3d Cir.1987)), it remains the current law of the Second Circuit. See, *Buggs v. Ehrnschwender,* 968 F.2d 1544 (2d Cir.1992); *Darvoe v. Town of Trenton,* 785 F.Supp. 305 (N.D.N.Y. 1992). Therefore, under the federal rules, as presently interpreted by the Second Circuit, a defendant's failure to return the acknowledgement may not necessarily be fatal to a plaintiff.

ceedings, did not mention the defective service of process except to raise it as an affirmative defense in its answer. *Datskow, supra*, at 1303. The court noted that, if the defendant had mentioned the improper service at these court proceedings which took place prior to the expiration of the applicable limitations period, plaintiffs would have been able to effect proper service. *Datskow, supra*, at 1303. The defendant was, therefore, held to have waived its defense of improper service.

In *Federal Home Loan*, defendants filed an answer, raising as a defense lack of personal jurisdiction. The defendants then participated in two pretrial conferences, and settlement negotiations over a seven month period. The court held that the raising of a "lack of personal jurisdiction" defense did not preserve an insufficiency of service of process defense, and that such defense had been waived. *Federal Home Loan, supra*, at 137. Further, the court found that the defendants had actual notice of the proceedings and had extensively participated in the judicial process, waiting until the time limit for proper service had passed before raising an objection to the service of process. Therefore, the court held that, pursuant to Fed.R.Civ.P. 4(j), good cause had been shown to excuse any purported defect. *Federal Home Loan, supra*, at 138.

The facts of both of the above cases are distinguishable from the instant case. In this case, Defendant interposed the defense of insufficiency of process in both of its answer and its amended answer. See, Defendant's Answer at paragraphs 7 and 8; Defendant's Amended Answer at paragraphs 7 and 8. Further, in response to the scheduling of the pretrial conference before the Magistrate Judge, Defendant specifically reserved its right, as a condition to its participation in any pretrial conferences, to make a motion to dismiss based on improper service of process. This reservation of rights was noted in the scheduling order issued by this court on March 10, 1992. Defendant's objections to service of process were raised and actual notice of such objections were made to Plaintiff on at least four separate occasions prior to the expiration of the statute of limitations period, as extended by N.Y. CPLR 203(b)(5)(i). See, Defendant's Memorandum of Law at page 11, dated April 2, 1992. Indeed, Defendant conceded in its reply papers that the limitations period for this action expired on March 6, 1992, not January 6, 1992.

Therefore, it can not be found that Defendant's actions lulled Plaintiff into believing that no objection to service would be made. Defendant's actions in this lawsuit can not be held to be a waiver of its insufficiency of service defense. To the contrary, Defendant specifically reserved its right to bring a motion to dismiss based on such a defense at every step since the institution of this action and alerted Plaintiff to the jurisdictional defect in ample time to properly re-serve it. Accordingly, the court finds that Defendant's actions in this matter do not constitute a waiver of its defense of improper service of process or any equitable ground to excuse Plaintiff's failure to complete service within the statute of limitations period.[3]

While the court recognizes that dismissal of this action may effect a harsh result for Plaintiff, as a federal diversity court, it is the duty of the court to apply both the applicable state and federal law as it finds it, lest a Defendant be deprived of its rights—even if considered "hypertechnical"—that that law provides.

## CONCLUSION

Based on the above discussion, Defendant's motion to dismiss the complaint in this action is GRANTED.

SO ORDERED.

---

**3.** The court takes notice that, under newly enacted CPLR § 306–b(b), dismissals of actions based on errors in service of process can be rectified by re-serving the action on a defendant within 120 days of the court's actual dismissal. However, this provision is only applicable to actions commencing on or after July 1, 1992, well after the attempted commencement of the action in this case.